Richard Nelson PEARCY, Appellant,

v.

Marlene Del PEARCY, Appellee.

No. 04–93–00730–CV.

Court of Appeals of Texas,
San Antonio.

July 20, 1994.

Rehearing Denied Sept. 15, 1994.

Robert John Myers, Hickey & Myers, P.C., San Antonio, for appellant.

Morris J. Kirschberg, Morris J. Kirschberg, P.C., San Antonio, for appellee. .

Before BUTTS, PEEPLES and PRESTON H. DIAL, Jr., JJ.

PRESTON H. DIAL, Jr., Justice.[1]

This appeal involves the interpretation of a judgment that divided military retirement pay in a divorce case.

Richard and Marlene Pearcy were divorced in 1984. The decree divided various other items of community property and stated that Marlene was to receive:

> An amount equivalent to 14.69 percent of the basic monthly pay of a captain with twelve years of credited service. This amount shall be determined according to the current pay schedule in force at the time the member actually retires. Said amount constitutes wife's entitlement to husband's military retirement when he retires from the United States Air Force.

No appeal was taken from the judgment of divorce.

In 1992 Richard retired from the air force. Each of the parties started receiving their portion of the retirement pay as computed by the Defense Finance and Accounting Center (the "finance center"), based on the above decree.

Marlene received less than she had anticipated. She contacted the finance center concerning the portion of the retirement pay to which she believed she was entitled based on their marriage and Richard's years in the service. The finance center advised Marlene that all requirements had been met in accordance with the divorce decree and the Uniformed Services Former Spouse's Protection Act, 10 U.S.C. § 1408 (1988 & Supp. V 1993), to entitle her to direct payments of 14.69 percent of disposable retired pay of a captain with twelve years' service according to the pay tables in effect when Richard retired.[2]

Marlene filed a Motion For Enforcement and Clarification of Prior Order. She contended that the above language in the origi-

---

2. Disposable retired pay is that remaining after mandatory deductions for debts to the government, prior forfeitures of pay, allotments, etc. See 10 U.S.C. § 1408(a)(4) (1988). There were no such deductions in this case.

nal decree was ambiguous. She asked that it be clarified by inserting the words "active duty" before the word "captain."

The court, after hearing evidence, attempted to clarify the alleged ambiguous paragraph by substituting for it the following:

Richard Nelson Pearcy and Marlene Del Pearcy were married on November 11, 1972, and divorced on January 21, 1985. Marlene Del Pearcy is entitled ½ of community interest of Richard Nelson Pearcy's military retirement accumulated during the marriage. Richard Nelson Pearcy entered the Armed Forces on November 15, 1972, and retired on November 30, 1992. Richard Nelson Pearcy was a captain with twenty (20) years on the date of retirement, and a captain with twelve and one-half (12½) years on the date of divorce.

The practical effect of this subsequent order was to give Marlene over 31 percent of Richard's retired pay. Under the prior order she received 14.69 percent of the retired pay. From the subsequent order, Richard appeals. He contends in his first point of error that the trial court was without power to amend, alter or correct the divorce decree, which had become final.

After a judgment has become final and the trial court has lost its plenary power, the trial judge has only limited specific authority to change the judgment in any way. Tex.R.Civ.Proc. 329b. The court may not alter the division of property in a divorce decree except as provided in the rules of procedure and the enforcement subchapter of the Family Code. Tex.Fam.Code Ann. § 3.71(a) (Vernon 1993). If a court finds that the original form of the division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter a clarifying order to enforce compliance with the way the property was originally divided. Tex.Fam.Code Ann. § 3.72(b) (Vernon 1993).

In the present case, there was neither an expressed nor implied finding that the division of military retirement was so unspecific that it could not be enforced by contempt. The finance center expressed no difficulty in computing Marlene's 14.69 percent share of the retired pay based on the decree that had long since become final. We find no ambiguity warranting entry of a clarifying order. In the absence of an ambiguity, the trial court was without authority to modify the judgment. *McGehee v. Epley,* 661 S.W.2d 924, 925 (Tex.1983).[3]

If Marlene felt that the trial court had abused its discretion in entering the prior order, she should have appealed at that time. The finality of judgments is essential to an orderly system of justice. Having chosen not to appeal, Marlene must live with the prior judgment.

The trial court should have overruled the Motion For Enforcement and Clarification of Prior Order. Point of error one is sustained. The order modifying the divorce decree is reversed, and judgment is rendered that the Motion For Enforcement and Clarification be denied.

---

**3.** The subsequent order would have been a correct order if entered originally by a trial court that had been requested to divide the community property. That was not the case. Community property need not be divided equally. The trial court has wide discretion in dividing the community estate of the parties, and it is presumed that the trial court exercises this discretion properly. *Murff v. Murff,* 615 S.W.2d 696, 698–99 (Tex. 1981).