**Henry M. DELAUP, Appellant,**

v.

**Mary Jayne DELAUP, Appellee.**

No. 14–94–00805–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 1996.

---

8. In the end, we determined that mandamus relief was mooted by the commencement of early voting. *Bejarano*, 899 S.W.2d at 352.

Robert Todd, Houston, for appellant.

Judith A. Reigel, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Henry M. Delaup (Appellant) appeals from a nunc pro tunc judgment entered in a divorce proceeding. Mary Jayne Delaup (Appellee)[1] filed a motion to enter judgment nunc pro tunc almost six months after the trial court had lost plenary jurisdiction. The trial court granted her motion. Appellant raises three points of error, contending: (1) the trial court made substantive, non-clerical changes to its judgment after its plenary jurisdiction had terminated; (2) contractual alimony provisions in the divorce decree did not meet the "written" requirement for agreements incident to a divorce; and (3) the contractual alimony provision violated the statute of frauds. We affirm.

Appellant filed for divorce in 1991. The parties reached a settlement on all issues

---

1. Ms. Delaup is now Mary Jayne Buchanan.

incident to divorce. On October 23, 1991 they testified to the terms of the settlement in open court. The settlement agreement was transcribed by the court reporter and made part of the court's record. The trial judge approved the settlement and adopted it as the court's order. On November 7, 1991 the trial judge signed a final divorce decree prepared by Appellant. Appellee was, at this time, proceeding *pro se,* having recently fired her attorney. The decree omitted several key aspects of the agreed settlement, including a provision for contractual alimony and a customized child custody provision. No post-trial motions were filed and the court's plenary power ended December 7, 1991. *See* TEX. R.CIV.P. 329b(d). Appellee discovered the omissions and on May 29, 1992, filed a motion to enter judgment nunc pro tunc or, in the alternative, to reform the final judgment. The trial court granted the motion and entered the judgment May 17, 1994.

■ Appellant first contends the trial court erred by making substantive changes to its final judgment after its plenary jurisdiction had ended. Clerical mistakes in a judgment may be corrected in open court, and judgment nunc pro tunc rendered by the trial court judge, according to the truth or justice of the case. TEX.R.CIV.P. 316. This may be done even after the expiration of the court's plenary power. TEX.R.CIV.P. 329b(f). Judicial errors, however, may not be corrected after the expiration of plenary jurisdiction. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986). A clerical error is an error which does not result from judicial reasoning or determination. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986). A judicial error is one which occurs in the rendering, as opposed to the entering, of a judgment. *Escobar,* 711 S.W.2d at 231.

■ A court may only correct by judgment nunc pro tunc entry of a final written judgment that incorrectly states the judgment actually rendered. *Id.* A judgment is "rendered" when the trial court's decision is announced either orally in open court or by memorandum filed with the clerk. *Reese v. Piper,* 534 S.W.2d 329, 330 (Tex.1976); *Henry v. Cullum Companies, Inc.,* 891 S.W.2d

789, 792 (Tex.App.—Amarillo 1994, writ denied).

In the present case, the judgment was rendered when the trial court adopted the agreed settlement read into the record as the judgment of the court. The judge rendered his decision orally, on the record, announcing, "[T]he divorce is granted and all matters subject to the agreement are approved and so ordered and that's the order of the Court." Thus, the final written judgment of November 7, 1991, because it omitted several key aspects of the agreed settlement, incorrectly stated the terms of the judgment rendered. This is exactly the situation where a judgment nunc pro tunc should be entered. We overrule Appellant's first point of error.

■ In his second point, Appellant contends the trial court erred by including the contractual alimony provision within the divorce decree because it was not in writing as required for agreements incident to a divorce. *See* TEX.FAM.CODE ANN. § 3.631 (Vernon 1993). Specifically, Appellant argues that because the parties did not reduce the agreement to writing, but only read the agreement into the record of the court, the provision was not "in writing."

Rule 11 of the Texas Rules of Civil Procedure prohibits the enforcement of any agreement between the parties to a suit unless it is in writing and filed with the court or is *"made in open court and entered of record."* (emphasis added). The parties' settlement in the present case, including the contractual alimony provision, satisfied this rule. The Dallas Court of Appeals considered this issue and held that a divorce agreement made in open court by the parties and entered of record pursuant to Rule 11 has the same legal effect as a written agreement signed by the parties, and results in a written agreement that meets the requirements of section 3.631 of the family code. *McLendon v. McLendon,* 847 S.W.2d 601, 608 (Tex.App.—Dallas 1992, writ denied). The Court reasoned that the court reporter's transcription results in a written agreement. *Id.* We agree. Rule 11 is tantamount to a statute of frauds. *Abramson v. Abramson,* 788 S.W.2d 860, 861 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Although the agreement

was orally dictated to the court, the record of the agreement insures that the details of the agreement will always be available for the parties to review, thus denying a party the opportunity to fraudulently exploit its terms as can occur with an oral agreement not entered of record in open court. Appellant's second point of error is overruled.

 Appellant's third point asserts the trial court erred by including the contractual alimony provision because it violated the statute of frauds. An agreement which is not to be performed within one year from the date of making the agreement must, to be enforceable, be in writing and signed by the person to be charged with the agreement. TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). However, if performance is possible within one year, the contract falls outside of the statute of frauds. *Collins v. Allied Pharmacy Management,* 871 S.W.2d 929, 934 (Tex.App.—Houston [14th Dist.] 1994, no writ). The contractual alimony agreed to by the parties required appellant to pay appellee $300.00 per month until appellee remarries or dies, or until their son reaches the age of eighteen. Appellee could have remarried or died within one year of the agreement, and Appellant would have performed his obligation in full. Thus, no writing was required by the statute of frauds. *See International Piping v. M.M. White,* 831 S.W.2d 444, 451 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Winograd v. Willis,* 789 S.W.2d 307, 311 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Even if we assume the agreement could not be performed within one year, the fact that the parties did enter their agreement into the trial court record, which was adopted as its judgment, vitiates Appellant's argument. Section 26.01 *permits* the enforcement of agreements in writing and signed by the person to be charged with the agreement. Here, this agreement is incorporated into a judgment which operates as the written manifestation of the parties agreement, and the agreement is enforceable as a judgment. Thus, the agreement escapes the bar of the statute of frauds. *McLendon,* 847 S.W.2d at 608; *Giles v. Giles,* 830 S.W.2d 232, 238 (Tex.App.—Fort Worth 1992, no

writ). Accordingly, we overrule Appellant's third point of error.

Because we have overruled Appellant's three points of error, we affirm the judgment of the trial court.