TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00195-CV






Thomas Dickens, Appellant



v.



Connie Elizabeth Willis, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 152,353-C, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING 







 Thomas Dickens moved for enforcement of child support in February 1996. The trial court
denied Dickens's motion, finding that an earlier order clarifying who was to pay child support was void as
a matter of law because it substantively changed the original divorce decree. Dickens appeals the judgment
of the trial court, claiming in part that the evidence was legally and factually insufficient to support the
judgment and that the court abused its discretion in construing the clarification order as a substantive
change. The evidence shows that the error in the original decree was clerical rather than judicial; thus, the
subsequent clarification of the decree did not amount to a substantive change. We will reverse the
judgment of the trial court and remand the cause for further proceedings consistent with this opinion.




BACKGROUND


 Connie Elizabeth Willis (formerly Dickens) and Thomas Dickens were divorced in 1986
after almost eleven years of marriage, during which three children were born. The divorce decree
designates Dickens (the father and respondent in the divorce proceeding) managing conservator of the
children, with the "power to receive and give receipts for payments for the support of the children." In
setting the amount of child support, however, the decree provides that "respondent pay to petitioner
support in the amount of $50.00 per month per child. . . ." (Emphasis added). Willis, the mother and
petitioner, was named possessory conservator of the children.

 In March 1995, Dickens filed a motion to enforce child support, alleging nonpayment by
Willis. Dickens requested that Willis be held in contempt, that judgment be granted for the arrearage, and
that any ambiguities in the original divorce decree be clarified. After a hearing attended by Dickens and
Willis, Judge Oliver Kelley determined the divorce decree's provision that "respondent pay to petitioner
support" was a clerical error. Judge Kelley clarified the decree to order Willis to pay child support to
Dickens; the order also directed that Willis pay the arrearage.

 In February 1996, Dickens filed a second motion to enforce child support because Willis
still had not paid. Dickens again requested that Willis be held in contempt and that the arrearage be
reduced to judgment. After a hearing, Judge Derwood Johnson found the earlier clarification and
enforcement order unenforceable because it substantively changed the divorce decree in violation of Texas
Family Code section 157.423. (1) Judge Johnson also found that Willis could not be held in contempt
because a court may not provide that a clarification order is retroactive for the purpose of enforcement by
contempt. See Tex. Fam. Code Ann. § 157.425 (West 1996).

 Dickens appeals the second trial court's judgment that the clarification and enforcement
order substantively changed the divorce decree, making it unenforceable as a matter of law.


DISCUSSION

 Dickens argues that because the clarification order merely corrected a clerical error, the
order did not substantively change the original divorce decree. Willis, on the other hand, argues that the
clarification order substantively changed the decree; moreover, she contends that if there was a clerical
error, a judgment nunc pro tunc rather than a clarification order was the appropriate vehicle to correct such
an error in the entry of judgment.


Correction of Clerical Error v. Substantive Change

 The Family Code prohibits a court from substantively changing the provisions of an earlier
order with a clarification order. Tex. Fam. Code Ann. § 157.423 (West 1996). The statute does not
define "substantive change," but we may look to a similar area of the law for guidance. Like clarification
orders, judgments nunc pro tunc cannot substantively change a final order; therefore, case law addressing
such judgments illuminates what constitutes an impermissible substantive change. See, e.g., Finlay v.
Jones, 435 S.W.2d 136 (Tex. 1968); Newsom v. Petrilli, 919 S.W.2d 481 (Tex. App.--Austin 1996,
no writ); Delaup v. Delaup, 917 S.W.2d 411 (Tex. App.--Houston [14th Dist.] 1996, no writ); Cavalier
Corp. v. Store Enters., Inc., 742 S.W.2d 785 (Tex. App.--Dallas 1987, writ denied). A substantive
change occurs when a judicial error is corrected because such an error results from judicial reasoning and
determination. Finlay, 435 S.W.2d at 138; Newsom, 919 S.W.2d at 483; Delaup, 917 S.W.2d at 413. 
On the other hand, when an error results from inaccurately recording the decision of the court, the error
is clerical. Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); Newsom, 919 S.W.2d at 483;
Delaup, 917 S.W.2d at 413. In Nolan v. Bettis, this Court explained that "[w]henever the judgment
entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product
of judicial reasoning is not involved." 562 S.W.2d 520, 522 (Tex. Civ. App.--Austin 1978, no writ). 
Thus, the correction of a clerical error does not effect a substantive change. See Escobar, 711 S.W.2d
at 231-32.

 Whether an error is clerical or judicial is a question of law. Finlay, 435 S.W.2d at 138;
Escobar, 711 S.W.2d at 232. The question, however, becomes one of law "only after the trial court
factually determines whether it previously rendered judgment and the judgment's contents." Escobar, 711
S.W.2d at 232. An appellate court may review the trial court's factual determination only for legal and
factual insufficiency of the evidence. Id. Proof of a clerical error must be clear, satisfying, and convincing. 
Stuart v. City of Houston, 419 S.W.2d 702, 703 (Tex. Civ. App.--Houston [14th Dist.] 1967, writ ref'd
n.r.e.). Furthermore, "[t]his Court must construe the original judgment 'as a whole toward the end of
harmonizing and giving effect to all the court has written.'" Newsom, 919 S.W.2d at 483 (citation omitted).

 In reviewing legal sufficiency, we first consider only the evidence that tends to support the
trial court's finding and disregard all evidence and inferences to the contrary; if there is no evidence to
support the finding, we must analyze the entire record to see whether the contrary proposition is established
as a matter of law. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). In reviewing
factual insufficiency, we must consider and weigh all the evidence and set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).

 After reviewing all the evidence in the record for both legal and factual sufficiency, we
conclude that the evidence sufficiently supports the finding that the error in the original divorce decree was
clerical not judicial. First, the trial court took judicial notice of the clerk's record, which contains a letter
from Willis's attorney to Dickens's attorney in April 1995 acknowledging that the divorce decree contains
a typographical error concerning payment of child support. Second, the same clerk's record contains
a docket entry by the judge in the initial divorce proceeding that orders the petitioner (Willis), not the
respondent (Dickens), to pay child support. (2) Third, the rest of the decree is consistent with a judgment
ordering Willis, the possessory conservator, to pay child support to Dickens, the managing conservator of
the children. In harmonizing the child support order with the rest of the decree, this Court can reach only
one conclusion: The error was not a flaw in judicial reasoning, but a mistake in reducing the judgment to
writing. No evidence of probative force supports the conclusion that the clarification effected a substantive
change. We hold that the error in the original decree was clerical and that the clarification to correct this
error did not substantively change the divorce decree.

 In reaching this conclusion, we find that Newsom is controlling. Although Newsom
involved property division rather than child support, the error is remarkably similar. In Newsom, the
original divorce decree provided that the respondent's employment benefits be divided in half. But at the
time of the divorce, the petitioner was the only party employed, and the respondent had no employment
benefits. Newsom, 919 S.W.2d at 482. After looking at the divorce decree as a whole, this Court
concluded that "to divide 'Respondent's' employment benefits 50/50 would render the employment benefits
provision meaningless." Id. at 483. The attorney who drafted the Newsom decree testified that she
inadvertently divided the respondent's rather than the petitioner's employment benefits. Id. In light of the
evidence, this Court found that the provision dividing the respondent's employment benefits was a clerical
error; correcting the error did not amount to an impermissible substantive change. Id. Like the original
order in Newsom, the decree in the instant case is senseless unless the clerical error is corrected. 
Furthermore, Willis's former attorney conceded that the error was clerical.

 Willis argues that the supreme court's holding in McGehee v. Epley, 661 S.W.2d 924
(Tex. 1983), precludes construction of the error in question as clerical, but the facts of McGehee are
distinguishable. In McGehee, the supreme court held that the clarification order substantively changed the
original divorce decree because the order partitioned benefits of the former wife that had not been divided
in the original decree. Id. at 925-26. The order also provided that the former husband pay one-half of his
gross military retirement benefits when the original decree did not specify whether net or gross benefits
were to be divided. Id. at 926. The modification in McGehee, the court held, imposed an obligation to
pay where one did not exist under the original order and substantively altered the duties of the former
husband. Id. By contrast, the clarification in the instant case merely facilitates enforcement of an obligation
that already existed, that Willis pay child support to Dickens. Here, the language ordering the parent
named managing conservator to pay child support to the possessory conservator is nonsensical and clearly
results from transposing the words "petitioner" and "respondent."


Clarification Order v. Judgment Nunc Pro Tunc

 Even if the clarification did not amount to a substantive change, Willis argues that by
changing respondent to petitioner, the clarification order did more than clarify the sort of ambiguity
contemplated by section 157.421 of the Family Code. Willis contends the appropriate means to correct
a clerical error, if such it be, is a motion for judgment nunc pro tunc rather than a motion to clarify.

 To the contrary, we find that a clarification order may correct a clerical error in the entry
of judgment ordering child support. As section 157.421 of the Family Code provides, a court shall clarify
an order that is not specific enough "by rendering an order that is specific enough to be enforced by
contempt." Tex. Fam. Code Ann. (West 1996). An order may lack specificity because a clerical error
creates an ambiguity, as in the instant case. It is quite appropriate for a court to use the specific remedy
contemplated by the Family Code to correct a clerical error, rather than the general remedy of a judgment
nunc pro tunc.

 Case law regarding a clarification order under section 3.72 of the Family Code supports
our conclusion. (3) In Pearcy v. Pearcy, the court of appeals struck down the trial court's modification of
an order dividing marital property. 884 S.W.2d 512 (Tex. App.--San Antonio 1994, no writ). Rather
than clarify an ambiguity, the trial court had substantively changed the divorce decree by increasing to more
than thirty-one percent an unambiguous order that the former husband pay only 14.69 percent of his salary
to his former wife. Id. at 514. More important to the instant case, the court of appeals distinguished
Pearcy from cases involving a mere ambiguity, noting that "[i]f a court finds that the original form of the
division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter
a clarifying order to enforce compliance with the way the property was originally divided." Id. at 514
(citing Tex. Fam. Code Ann. § 3.72(b) (West 1993)). It would be reasonable to apply the same
construction to clarification orders under section 157.421 because both sections are designed to clarify an
ambiguity in an order arising out of a divorce proceeding. As the evidence and original divorce decree
viewed as a whole indicate, the typographical error in this case created an ambiguity. Correction of that
ambiguity properly fell within the ambit of a clarification order under section 157.421. See Tex. Fam. Code
Ann. (West 1996).

 Because we sustain points of error three through five, we need not address points one and
two. (4) The evidence was legally and factually insufficient to support the judgment of the trial court. 
Furthermore, the trial court abused its discretion in holding that clarification of the original divorce decree
effected a substantive rather than a clerical change.


CONCLUSION

 We hold that the error in the original divorce decree was clerical and that the 1995
clarification order appropriately remedied the error. We reverse the judgment of the trial court and
remand the cause for further proceedings consistent with this opinion.



 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: December 11, 1997

Publish
1.   Section 157.423 provides in pertinent part, "A substantive change made by a clarification order is
not enforceable." Tex. Fam. Code Ann. § 157.423 (West 1996).
2.   See First Nat'l Bank v. Birnbaum, 826 S.W.2d 189, 190-91 (Tex. App.--Austin 1992, no writ)
(noting that although docket entries are inherently unreliable, courts have allowed docket entries as
evidence in limited circumstances, for instance to correct clerical errors in judgments) (citations omitted).
3. Section 3.72 allows a court to issue a clarifying order subsequent to a divorce proceeding on a finding
by the court that the original form of the division of property is not specific enough to be enforceable. The
clarifying order must set forth specific terms in order to enforce compliance with the original division of
property. See Tex. Fam. Code Ann. (West 1993).
4.   Dickens also argues that the trial court's judgment is an impermissible collateral attack on the
clarification order and that the judgment violates the doctrine of collateral estoppel.



stantive change, Willis argues that by
changing respondent to petitioner, the clarification order did more than clarify the sort of ambiguity
contemplated by section 157.421 of the Family Code. Willis contends the appropriate means to correct
a clerical error, if such it be, is a motion for judgment nunc pro tunc rather than a motion to clarify.

 To the contrary, we find that a clarification order may correct a clerical error in the entry
of judgment ordering child support. As section 157.421 of the Family Code provides, a court shall clarify
an order that is not specific enough "by rendering an order that is specific enough to be enforced by
contempt." Tex. Fam. Code Ann. (West 1996). An order may lack specificity because a clerical error
creates an ambiguity, as in the instant case. It is quite appropriate for a court to use the specific remedy
contemplated by the Family Code to correct a clerical error, rather than the general remedy of a judgment
nunc pro tunc.

 Case law regarding a clarification order under section 3.72 of the Family Code supports
our conclusion. (3) In Pearcy v. Pearcy, the court of appeals struck down the trial court's modification of
an order dividing marital property. 884 S.W.2d 512 (Tex. App.--San Antonio 1994, no writ). Rather
than clarify an ambiguity, the trial court had substantively changed the divorce decree by increasing to more
than thirty-one percent an unambiguous order that the former husband pay only 14.69 percent of his salary
to his former wife. Id. at 514. More important to the instant case, the court of appeals distinguished
Pearcy from cases involving a mere ambiguity, noting that "[i]f a court finds that the original form of the
division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter
a clarifying order to enforce compliance with the way the property was originally divided." Id. at 514
(citing Tex. Fam. Code Ann. § 3.72(b) (West 1993