NO. 12-02-00093-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


IN THE MATTER OF THE MARRIAGE

OF CORA DANINE TAPP,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


BUFORD LAVON TAPP,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







 Danine Tapp and Buford Tapp were divorced on January 2, 2002. In the Final Decree of
Divorce, the trial court awarded the couple's mobile home to Buford. On appeal, Danine complains
that she received nothing in return. We affirm. 

 In her sole issue on appeal, Danine argues that the trial court erred when it awarded the
monetary value of a half interest in the couple's mobile home to her, because the award is valueless
and of no meaning. The divorce decree states, in part, the following:


 IT IS ORDERED AND DECREED that the following described property is confirmed as the separate
property of BUFORD TAPP:



 
 All that certain lot, tract or parcel of land situated in Henderson County, Texas, a
part of the J. P. Brown Survey . . .
 


 THENCE North 89 deg. 52 min. East 355.62 ft. to the place of BEGINNING,
containing 16.967 acres of land.

 . . . .


 The Court finds that the mobile home situated on the 16.9 acres is in the name of both Petitioner and
Respondent. The Court finds the value of said mobile home is $33,500.00.


 . . . .


 IT IS ORDERED AND DECREED that the husband, BUFORD TAPP, is awarded the following as
his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to
that property:

 . . . The mobile home situated at 1537 East Main Street, Gun Barrel City.


 . . . .


 BUFORD TAPP is ORDERED to execute, have acknowledged, and deliver to DANINE TAPP these
instruments:

 1. A Promissory Note for $16,750.00 principal to be paid in 48 months payments with said sum
to bear interest at the rate of 6.5%.


 Deed of Trust on the above-referenced 16.9-acre tract securing said $16,750.00 debt.



 Danine contends that the order as written does not recite a money judgment for the sum of
$16,750.00. Neither does it establish the relationship between the note and deed of trust and the
mobile home. Further, a mobile home is personal property, and a deed of trust cannot be used to
secure personal property. Danine goes on to opine that the mobile home and the land upon which
it sits is Buford's homestead, and cannot, therefore, be encumbered. Thus, "the illusion of an award
is but a vapor wafting in the wind." Danine asks that this court either reform the judgment or
remand for a new trial. 

 Although Danine does not argue ambiguity, a review of the order reveals that it may be
somewhat ambiguous, or at least not as clear as it could be. However, she failed to preserve her
complaint for appellate review. To preserve a complaint of error in a judgment, a party must inform
the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial,
or some other similar method. Tex. R. App. P. 33.1; Arthur's Garage, Inc. v. Racal-Chubb Sec.
Sys., Inc., 997 S.W.2d 803, 816 (Tex. App.-Dallas 1999, no pet.); Willis v. Willis, 826 S.W.2d 700,
702 (Tex. App.-Houston [14th Dist.] 1992, no writ). There is nothing in the record which indicates
that she, at any time or in any manner, gave notice to the trial court that she was not satisfied with
the judgment. Consequently, we have no choice but to overrule Danine's sole issue.

 But even if we did not find that Danine waived error, this appeal is not the vehicle with which
to seek relief. The court which entered the decree of divorce may issue further orders to enforce the
property division contained in the divorce decree "to assist in the implementation of or to clarify the
prior order." Tex. Fam. Code Ann. § 9.006(a) (Vernon 1998). As long as the substantive division
of property is not altered or changed, the court may specify more precisely the manner of effecting
the previously made property division. Id. § 9.006(b). If the court determines that the original form
of the property division is ambiguous or not specific enough to be enforceable by contempt, the court
may enter a clarifying order to enforce compliance with the way the property was originally divided. 
Id. § 9.008(b); Pearcy v. Pearcy, 884 S.W.2d 512, 514 (Tex. App.- San Antonio 1994, no writ). 
Accordingly, Danine has two remedies at her disposal - a motion for clarification and a motion for
enforcement, both of which must be filed with the trial court. Tex. Fam. Code Ann. § 9.006, §
9.008. 

 The judgment of the trial court is affirmed.


 Louis B. Gohmert, Jr.

 Chief Justice



Opinion delivered Novmeber 8, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

 










(DO NOT PUBLISH)



















COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



November 8, in the Year of our Lord 2002



NO. 12-02-00093-CV



IN THE MATTER OF THE MARRIAGE OF 


CORA DANINE TAPP,


Appellant


V.


BUFORD LAVON TAPP,


Appellee







 Appeal from the County Court at Law


 of Henderson County, Texas. (Tr.Ct.No. CC-00-474)








 THIS CAUSE came to be heard on the appellate record and briefs filed
herein, and the same being inspected, it is the opinion of this Court that there was no error in the
judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that all costs of this appeal are hereby
adjudged against the appellant, Cora Danine Tapp, for which execution may issue, and that this
decision be certified to the court below for observance.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr., , C.J., Worthen, J., and Griffith, J.