11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

                                                        


Sammy
Alex Fambro

Appellant

Vs.                   No. 11-02-00190-CV B
Appeal from Stephens County

Donna
Ann Eddleman

Appellee

 

In this post-divorce proceeding, Sammy Alex Fambro appeals from an order in which the trial court found
that Fambro had violated various provisions of the
divorce decree by failing to turn certain personal properties over to his
former wife, Donna Ann Eddleman, and by failing to
pay certain debts.[1]  The trial court also found that to require Fambro to deliver the personal property as required by the
decree was not an adequate remedy, and it entered a money judgment for damages
in favor of Eddleman in the amount of $45,125.  We modify and affirm.

On September 9, 1997, the trial court signed a
decree in which it dissolved the marriage between Fambro
and Eddleman.  
According to the recitals in the decree, the divorce had been Ajudicially PRONOUNCED AND RENDERED@ on March 31, 1997.  In that decree, the trial court, among other
things not relevant to this appeal, divided the property of the parties and
also specified the terms for delivery of the property.  On September 15, 1997,  the parties entered into a settlement
agreement which changed some of the terms of the decree, including the date
that Eddleman was to receive the personal property
awarded to her.  The settlement agreement
also provided that she was to remove her property; the terms of the decree
provided that Fambro was to deliver it to her.  The settlement agreement covered other things
not relevant to this appeal.








In July 1997, Fambro
filed a motion for clarification and reconsideration.  Five days later, he filed an amended
motion.  In January 1999, Eddleman filed a motion for clarification, for entry of
judgment nunc pro tunc, and
for enforcement.  In April 2001, Eddleman filed an amended motion.  In August 2002, she filed a separate motion
for judgment nunc pro tunc.  Eddleman alleged
that Fambro had failed to make the personal property
available to her; and she sought to have the trial court enforce the provisions
of the decree, hold appellant in contempt, grant a judgment for the fair market
value of that property Fambro did not make available
to her, and either partition any property held in common or award judgment to
her for the fair market value of the property. 

In July 2001, the trial court conducted a two-day
hearing on Eddleman=s
motion.  On March 28, 2002, the trial
court entered its order on the motion. 
In that order, in addition to the entry of a $45,125 judgment as damages
for Fambro=s
failure to deliver certain personal property to Eddleman,
the trial court found that Fambro had failed in many
respects to perform according to the orders contained in the amended decree of
divorce.   The trial court held Fambro in contempt of court for each instance of failure to
perform according to the decree and fined him $500 for each violation.  However, the trial court ordered that Fambro would not be required to pay the fine if he paid the
$45,125 judgment within 90 days.  The
trial court also held Fambro in criminal contempt and
assessed his punishment at confinement in jail for 6 months for each separate
violation, to run concurrently; but it suspended the imposition of commitment
if Fambro paid the sum of $45,125, plus interest,
into the registry of the court. 

After the trial court entered its order of
enforcement on March 28, 2002, Eddleman filed another
motion for judgment nunc pro tunc.  The trial court granted that motion and
entered a new order of enforcement on September 3, 2002.  The changes which were made as a result of
the judgment nunc pro tunc
do not affect the subject of this appeal. 
       

In his appeal from the trial court=s order of enforcement, Fambro urges eight points of error.  In his first point of error, Fambro argues that the trial court should not have enforced
the decree because it had been superceded by the later settlement
agreement.  However, as the non-breaching
party, Eddleman had the option to proceed under the
settlement agreement or to enforce the amended decree of divorce.  Votzmeyer
v. Votzmeyer, 964 S.W.2d 315 (Tex.App.
B Corpus Christi 1998, no pet=n). 
Fambro=s
first point of error is overruled. 

The property with which we are concerned in the
money judgment aspect of this appeal consists of livestock.  Other types of personal property were
involved in the enforcement proceeding; but, as we will point out later in this
opinion in connection with Fambro=s last two points of error, Eddleman has waived her claim to a money judgment in
connection with that property.    








The amended decree contained an award to Fambro of various specified cattle described in the decree,
and it also contained the following award:

[A]nd IT IS FURTHER ORDERED AND DECREED that SAMMY ALEX FAMBRO
is awarded one-half (2)
of all remaining livestock of the parties, including but not limited to
one-half (2) of
those listed in [Eddleman=s]
Inventory and Appraisement, Schedule 2.

 

The trial court also entered the following award in the decree:

IT IS ORDERED AND DECREED that DONNA ANN EDDLEMAN
is awarded as her sole and separate property and estate the livestock securing
the note to FIRST NATIONAL BANK ALBANY/BRECKENRIDGE as follows:

 

a) Note #200034766 dated April 15,1996 executed by
Petitioner and LEXI FAMBRO in the original principal sum of $1,050.00, secured
by lien on one registered Simbrah heifer, with a
balance as of January 31, 1997 in the sum of $1,050.00 plus interest;

 

and
IT IS FURTHER ORDERED AND DECREED that DONNA ANN EDDLEMAN is awarded...one-half
(2) of all livestock of the parties not
herein awarded to SAMMY ALEX FAMBRO which includes but is not limited to
livestock described in Schedule 2 to [Eddleman=s] Inventory and Appraisement.

 

                                                            *   *   *

IT IS ORDERED AND DECREED that all property
belonging to the children of the marriage, including but not limited to those
items listed on the attached Schedule 6 of the [Eddleman=s] Inventory and Appraisement EXCEPT as
otherwise expressly provided herein, regardless of where such property is
located, is confirmed as the property of the children and such property is
placed under the sole and exclusive control of DONNA ANN EDDLEMAN as a parent
joint managing conservator, and IT IS FURTHER ORDERED AND DECREED that any of
such items now in [Fambro=s]
possession are to be delivered to DONNA ANN EDDLEMAN within five (5) days from
the date of signing of this decree.

 








In his second, third, and fifth points of error, Fambro takes the position that the effect of the trial
court=s order of
enforcement was to modify, alter, or change the decree.  When a trial court renders a divorce decree,
it generally retains the power to enforce the property division contained in
the decree.  TEX. FAM. CODE ANN. ' 9.002 (Vernon 1998).  When a party does not comply with the
provisions of a decree of divorce and delivery of property awarded in the
decree is no longer an adequate remedy, the trial court may render a money
judgment for the damages caused by the failure to comply.  TEX. FAM. CODE ANN. '
9.010 (Vernon 1998).  However, a trial
court may not amend, modify, alter, or change the division of property.  TEX. FAM. CODE ANN. '
9.007(a) (Vernon 1998); Shanks v. Treadway,
110 S.W.3d 444 (Tex.2003).  An order of
enforcement may be used only to assist in the implementation or clarification
of the decree.  Section 9.007(a).  An order that alters the substantive division
of property in a final divorce decree is beyond the power of the court.  TEX. FAM. CODE ANN. '
9.007(b) (Vernon 1998).  The question
posed by Fambro=s
second, third, and fifth points is whether the trial court=s order of enforcement by reduction to
judgment impermissibly amends, modifies, alters, or changes the property
division contained in the amended decree.

At the very least, the record in this case shows
that the ownership and identity of the livestock involved in this lawsuit
apparently have been the subject of confusion for quite some time.  Much of the testimony at the hearing on the
motion for enforcement, for clarification, and for entry of the first requested
judgment nunc pro tunc
involved questions as to the real ownership of specific cattle.  However, we point out that the trial court
determined the ownership of the cattle in the decree.  Neither party appealed from that determination;
and that determination cannot be changed in this proceeding at this point
because neither this court nor the trial court can amend, modify, alter, or
change what the trial court did in the decree. 
Section 9.007(a).  According to
the decree, Eddleman was awarded one-half of the
livestock shown on Schedule 2.  There was
testimony at the hearing on the motion to enforce that the cattle shown on
Schedule 2 actually belonged to the children, that some of the property shown
on Schedule 6 (that property confirmed in the decree as belonging to the
parties=
children) in fact belonged to Fambro and Eddleman, and that the schedules possibly contained
duplicate listing of cattle.  That
evidence cannot affect this proceeding. 
Some five years earlier, the trial court determined in its decree that
the parties owned the livestock shown on Schedule 2 and that the parties= children owned the property shown on
Schedule 6.  In any event, the evidence
established that at no time did Fambro make any
cattle available to either Eddleman or their children
as ordered by the trial court.








When the trial court issued its order of
enforcement, it found that Fambro had failed to turn
over to Eddleman the cattle that Ashe was awarded in the Amended Final
Decree of Divorce.@  The trial court also found that Fambro had failed to deliver to Eddleman,
as provided for by the decree, the livestock which had been previously
confirmed as the children=s
property:  A(a)
26 adult female cows; 1 bull (registered Simmental and Simbrah
cattle) plus calves and 5 yearlings; (b) 6 head registered Beefmaster
cows/heifers.@  This description of the cattle is the same
description as the description contained in what is referred to in the trial
court as Schedule 6 (children=s
property).  However, there were some of
the cattle which were described in Schedule 6 but which were not specifically
addressed in the order of enforcement:  A2
Simmental/ Beefmaster commercial cows.@

The trial court also found in its order of
enforcement that:

The
fair market value of the cattle awarded to Donna Eddleman
that she did not receive which were placed under her control on page 27 of
the Decree is $65,250.00 with Donna Eddleman=s controlled interest being
$32,625.00.  (Emphasis added)[2]   

The trial court further found that:

 

The
fair market value of the cattle she did not receive that were awarded to Donna Eddleman on page 18 and 19 of the Decree is
$22,000.00, with Donna Eddleman=s interest being $11,000.00.  (Emphasis added)

 

However, when we refer to Page 27 of the decree, we see that the
property dealt with on that page of the decree is property which had been
confirmed as property that belonged to the children.  When we refer to Pages 18 and 19 of the
decree, we see that, as far as the claims in this appeal are concerned, the
property awarded to Eddleman on those pages consists
of a heifer, which we will discuss later, and:

[O]ne-half (2)
of all livestock of the parties not herein awarded to SAMMY ALEX FAMBRO which
includes but is not limited to livestock described in Schedule 2 to [Eddleman=s]
Inventory and Appraisement.@
(Emphasis added)

 

With the exception of some goats, there is no other livestock
listed in the decree which could be divided between Fambro
and Eddleman; the remainder had either been awarded
to one of the parties or confirmed as property belonging to the children.








If the trial court intended, in its order of
enforcement, to award damages to Eddleman
individually on property described in Schedule 6 (Page 27 of the decree), it
could not because to do so would be to amend, modify, alter, or change the
division of property.  The result would
be an impermissible award of property to Eddleman
which she had not been awarded in the decree. 
See Section 9.007(a).  The
same is true regarding the award of damages relating to Pages 18 and 19 of the
decree.  The only cattle remaining were
cattle confirmed to be the property of the children.  Both parties presented evidence at the
hearing on the motion to enforce which addressed what they claimed to be the
true ownership of the livestock. 
However, regardless of the accuracy of that evidence, it comes too
late.  Otherwise, there would be no
finality to property divisions in divorce cases.  There is an essential need for finality of
judgments in any orderly system of justice. 
Pearcy v. Pearcy,
884 S.W.2d 512, 514 (Tex.App. ‑ San Antonio
1994, no pet=n).  

The divorce decree clearly awarded Eddleman one-half of the cattle shown on Schedule 2.  The trial court=s
enforcement order clearly should have referred to Pages 18 and 19 rather than
Page 27 when the trial court found the value of the cattle awarded to Eddleman.  Otherwise,
the trial court would have impermissibly modified, altered, or changed the
decree.  We modify the order of
enforcement to relate the damage award of $32,625 to Schedule 2 as provided in
the decree on Pages 18 and 19.  The
$11,000 included in Eddleman=s
judgment is not referable to any property awarded to her in the final decree,
and we modify the order of enforcement to delete that amount from the judgment.  We note that in so doing we modify the order
of enforcement, not the decree.

When we examine the relationship between the
decree and the money judgment entered by the trial court in the order of
enforcement, we must conclude that the trial court neither awarded nor refused
to award any money to Eddleman on behalf of the
children.  The evidence shows not only
that Fambro made no cattle available to Eddleman, but also that he did not make any cattle
available to his children; he still owes for that.  However, that issue is not before this court
at this time.  The money judgment was
referable to property awarded to Eddleman in the
decree as her property.

In his fourth point of error, Fambro
argues that there is no evidence to support the trial court=s finding that the fair market value of
the cattle awarded to Eddleman was $65,250.  In his sixth point of error, Fambro also contends that there is no evidence to support
the trial court=s finding
that the Simbrah heifer awarded to Eddleman had a fair market value of $1,500. 








The standards that apply to a review of jury
findings also apply to findings made by the trial court after a bench
trial.  Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.1994).  Fambro has not
challenged the factual sufficiency of the evidence.  In addressing a no-evidence point, we must
view the evidence in the record in a light which tends to support the finding
of the disputed fact and disregard all evidence and inferences to the contrary.  If there is any evidence of probative force
to support the finding, the no-evidence point must be overruled.  Weirich
v. Weirich, 833 S.W.2d 942, 945 (Tex.1992); In
re King=s Estate,
244 S.W.2d 660 (Tex.1951); see also Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert. den=d, 523 U.S. 1119 (1998).  Any evidence supporting the finding that is
of probative value and that is more than a scintilla is legally sufficient to
uphold the finding.  Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex.1996); Burroughs
Wellcome Company v. Crye,
907 S.W.2d 497, 499 (Tex.1995).  More
than  a scintilla of evidence exists
where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.  Transportation Insurance Company v. Moriel, 879 S.W.2d 10, 25 (Tex.1994). 

Eddleman testified that
her one-half interest as to the value of the cattle listed on Schedule 2 was
$32,625.  Furthermore, Schedule 2 was
before the trial court, and it contained a value of $64,250 for the
cattle.  Viewing the evidence in the
light most favorable to the findings, Eddleman=s testimony, even though the total
shown on Schedule 2 is $1,000 less, is some evidence to support the trial court=s findings that the fair market value
of the cattle was $65,250 and that Eddleman=s one-half interest was $32,625.  Fambro=s fourth point of error is
overruled.    

At the hearing for enforcement, Eddleman introduced a summary of her testimony that
included the value of the Simbrah heifer as
$1,500.  This summary is some evidence to
support the trial court=s
finding that the fair market value of the Simbrah
heifer was $1,500.  Fambro
argues that this summary was not to be considered for valuation purposes.  However, the trial court stated that it would
not consider the values listed for any cattle that were listed on Schedule
6.  The specific Simbrah
Heifer was not listed on Schedule 6.  In
any event, the trial court ultimately stated that it was overruling all
objections and that it had considered all of the evidence that had been
offered.  There is some evidence to support the trial court=s finding that the fair market value of
the Simbrah heifer awarded to Eddleman
was $1,500.  Fambro=s sixth point of error is overruled. 








Fambro asserts in his
seventh and eighth points of error that there is no evidence to support the
trial court=s finding
that he failed to deliver the non-livestock personal property to Eddleman as required by the decree and that the evidence is
insufficient to support the trial court=s
finding that he failed to deliver personal property confirmed to be Eddleman=s
separate property.  Both at trial and on
this appeal, Eddleman waived her claims to
enforcement as to this property because, as was revealed at trial, it was Anot worth the argument.@ 
No damages were awarded for this property in the money judgment.

At the enforcement hearing, Eddleman
testified that she had received some of the items of non-livestock personal
property but that she had not received all of the property.  Because there is some evidence to support the
trial court=s finding
that at least some of the non-livestock personal property was not delivered to Eddleman, the seventh and eighth points of error are
overruled.

With the possible exception of his first point of
error, which we have overruled, Fambro makes no
complaint on appeal that is directed at the contempt portions of the order of
enforcement as they relate to the livestock. 
Because those contempt issues were not raised by Fambro,
we do not address them.  All arguments
raised by Fambro have been considered, and each is
overruled.

We modify the judgment of the trial court to
relate the award of $32,625 to the cattle listed on Pages 18 and 19 of the
decree and to delete $11,000 from the judgment because that amount is not
referable to any livestock awarded to Eddleman in the
original decree.  Otherwise, the judgment
of the trial court, as modified, is affirmed.

 

JIM R. WRIGHT

                                                                       
                        JUSTICE

 

January 15, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J, and McCall, J.











[1]The controlling divorce decree in this case is the AAmended Final Decree of Divorce.@





[2]The total of the figures shown on Schedule 2 is
$64,250, and one-half of that amount is $32,125.