/

 

IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00073-CV

 

Pat Hambrick Construction, Inc.,

                                                                      Appellant

 v.

 

Mid-Continent Casualty Company,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 03-774-3

 



MEMORANDUM  Opinion










 

          Appellant and Appellee have filed a
joint motion to dismiss this appeal.  The parties have reached an agreement to
settle the case and no longer wish to pursue the appeal.

          We have not issued an opinion in this
matter.  Accordingly, this appeal is dismissed.  Tex. R. App. P. 42.1.

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed August 31, 2005

[CV06]






Deloz Brown complains that the trial court erred in finding that
judgment had been rendered on June 6, 1991, divorcing her and Frank Brown, Jr. and dividing
their estates. Her second issue complains that the court erred in finding that an agreement for
property division was made. Because we find that each issue presented actually complains of the
same error, we will respond simultaneously.
      On April 3, 1991, Frank Brown, Jr. filed for divorce. A hearing was held on June 6 with
Frank Brown, his attorney, and Sam Appell (Deloz Brown’s attorney) present. Deloz chose not
to attend. At this hearing a docket notation was made. It states: “6/6/91 Divorce per order to be
filed herein. Bill Logue Judge.” No record of the proceedings was made, nor was a decree ever
signed. Upon discovering that no decree had been signed, Deloz filed a counter-petition for
divorce some five years later. Her attorney of record, Sam Appell, executed an affidavit in which
he swore that the parties had been divorced and that they agreed that “each of the parties kept what
they had” with regard to property, since the parties had been separated for several years. On June
23, 1997, the court held a hearing and heard testimony from both parties. Frank testified that the
court announced its decision orally in open court on June 6, 1991, after he specifically asked if he
was divorced. The court replied “yes, sir, Mr. Brown, you are divorced.” As a result of the June
23 hearing, Judge Logue signed and entered a “Decree of Divorce.” He indicated that, although
he had no personal recollection of the June 6 hearing, he knew that his “intent was to grant the
divorce at that time” on June 6.
      Judgment is “rendered” when the Court’s decision upon the matter submitted to it for
adjudication is officially announced either orally in open court or by memorandum filed with the
clerk. Samples Exterminators v. Samples, 640 S.W.2d 873, 875 (Tex. 1982); Delaup v. Delaup,
917 S.W.2d 411, 413 (Tex. App. — Houston [14th Dist.] 1996, no writ). The subsequent
reduction of the pronouncement to writing signed by the Court is simply a ministerial act pursuant
to Rule 306a of the Rules of Civil Procedure by which enduring evidence of the judicial act is
recorded. W.C. Banks, Inc. v. Team, Inc., 783 S.W.2d 783, 785 (Tex. App. — Houston [1st
Dist.] 1990, no writ). The judge may consider his own docket entry and personal recollection in
deciding whether his oral pronouncement was rendition of judgment. Oak Creek Homes, Inc. v.
Jones, 758 S.W.2d 288, 291 (Tex. App. — Waco 1988, no writ); Bockemehl v. Bockemehl, 604
S.W.2d 466, 469 (Tex. Civ. App. — Dallas 1980, no writ). 
      In deciding whether it had rendered judgment in 1991, the court considered its own docket
entry, live testimony from both parties, the affidavit of Deloz Brown’s attorney of record in 1991,
and a copy of the unsigned decree. We find that the court did not err in finding that judgment was
rendered on June 6, 1991, and in memorializing that judgment in writing after the May, 1997
hearing. Issue one is overruled, and issue two is rendered immaterial.
      Frank Brown has requested delay damages, suggesting “this appeal is exactly the kind of
frivolous appeal for which the just damages provisions of Rule 45 are appropriate.” We do not
believe that sanctions are justified. His request is overruled.
      The judgment is affirmed.
                              
                                                                               BILL VANCE
                                                                               Justice
 
 
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed January 14, 1998
Do Not Publish