Affirmed
and Memorandum Opinion filed September 1, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00418-CV

____________

 

IN THE INTEREST OF M.V., M.V. &
E.V.

 



 

On Appeal from the 311th
District Court

Harris County, Texas

Trial Court Cause No. 93-03978

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment against
Mauricio Valencia for child support arrearages owed his ex-wife, Elva Vega
Avellaneda, for the support of their children, M.V., M.V., and E.V.  In his
sole issue, Valencia contends that the trial court erred by entering a judgment
for child support arrearages that calculated the arrearage based on the amount
of unpaid child support from the time of the original divorce decree rather
than the amount of unpaid child support from the date of the judgment nunc pro
tunc that corrected the decree.  We affirm.








Valencia and Avellaneda married in 1989. 
Avellaneda filed for divorce after Valencia went to Mexico with one of their
children and remained there.  Valencia could not be located and his whereabouts
were unknown, so he was notified of the divorce by publication.  The trial
court granted Avellaneda=s petition for divorce and entered a
divorce decree on May 12, 1994.  The divorce decree named her as the children=s sole managing
conservator and named Valencia as their possessory conservator.  The decree
also ordered Valencia to surrender to Avellaneda the child taken to Mexico and
to pay monthly child support beginning June 1, 1994.  Although the space in the
decree for the amount of monthly child support owed was left blank, the trial
judge=s docket sheet
notes include the notation AMother M/C, Father P/C access SPO, C/S
$500.00 per mo[.] beg[.] June 1st, 94.@  (emphasis
added).

Valencia failed to pay some or all of the
child support.  Avellaneda traveled to Mexico to find Valencia and the child he
had taken with him but was unsuccessful.  When Valencia returned from Mexico,
Avellaneda filed a motion for judgment nunc pro tunc alleging that due to a
clerical error the amount of child support had been left blank.  On July 25,
2007, the trial court signed a AFinal Decree of Divorce Nunc Pro Tunc,@ entering $500 in
the blank space for monthly child support owed.

Avellaneda then filed for child support
arrearages based on the nunc pro tunc divorce decree.  On December 14, 2007,
the trial court ordered Valencia to pay arrearages for the period from June 1,
1994 (the beginning date of child support payments in the divorce decree) until
June 15, 2007 (the date on which new child support obligations began for the
parties pursuant to an order modifying the parent-child relationship).  The
trial court denied Valencia=s motion for new trial.  This appeal
followed, in which Valencia contends that the trial court erred by calculating
the arrearage amount from the date of the original divorce decree rather than
the date of the judgment nunc pro tunc.








As a preliminary issue, we must determine
whether the nunc pro tunc divorce decree was valid.[1] 
Clerical mistakes in a judgment may be corrected in open court, and the trial
court may render judgment nunc pro tunc according to the truth or justice of
the case.  Tex. R. Civ. P. 316. 
This may be done even after the expiration of the court=s plenary power. Tex. R. Civ. P. 329b(f).  Judicial
errors, however, may not be corrected after a trial court=s plenary
jurisdiction expires.  Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.
1986).  AA clerical error
is a mistake occurring in the reduction of the judgment to writing, the
correction of which does not result from >judicial reasoning
or determination,= but rather an examination of whether the
writing properly reflects the judgment as actually rendered.@  Burgess v.
Burgess, 834 S.W.2d 538, 540 (Tex. App.CHouston [1st
Dist.] 1992, no writ) (citing Andrews v. Koch, 702 S.W.2d 584, 585 (Tex.
1986)).  Judicial error is error that occurs in the rendering, as opposed to
the entering, of a judgment.  Escobar, 711 S.W.2d at 231.  A trial court
may only correct by judgment nunc pro tunc entry of a final written judgment that
incorrectly states the judgment actually rendered.  Id.  A judgment is Arendered@ when the trial
court=s decision is
announced either orally in open court or by memorandum filed with the clerk.  Reese
v. Piperi, 534 S.W.2d 329, 330 (Tex. 1976); Delaup v. Delaup, 917
S.W.2d 411, 413 (Tex. App.CHouston [14th Dist.] 1996, no writ).  A
judge=s docket notes or
entries are some evidence of a rendered judgment and its contents.  Escobar,
711 S.W.2d at 231, 232 (considering judge=s docket entry as
some evidence of a rendered judgment and its contents); see also Rush v.
Barrios, 56 S.W.3d 88, 95B96 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (stating that consideration of notes entered on
docket sheets is appropriate in nunc pro tunc proceedings).








Here, the original divorce decree ordered
Valencia to pay monthly child support beginning June 1, 1994, but left the
space for the monthly amount owed blank.  The judge=s docket sheet
notationCAC/S $500.00 per
mo[.] beg[.] June 1st, 94.@Cis some evidence
that the court actually rendered judgment ordering Valencia to pay $500 per
month in child support beginning June 1, 1994, which is the start date stated
in the decree.  See Escobar, 711 S.W.2d at 231, 232.  That evidence
supports the trial court=s implicit finding that the failure to
fill in the space for the amount of monthly child support was a mistake made in
reducing the rendered judgment to a decree, i.e. a clerical error, and not the
result of judicial reasoning or determination.  See Andrews v. Koch, 702
S.W.2d 584, 585 (Tex. 1986); see also Delaup, 917 S.W.2d at 412B13 (affirming
judgment nunc pro tunc where evidence of judgment actually rendered showed that
Aseveral key
aspects@ of the agreed
settlement were omitted from the final divorce decree).  Because the evidence
shows that the nunc pro tunc divorce decree corrected a clerical error in the
decree originally entered, the trial court did not err in granting the nunc pro
tunc divorce decree.  See Escobar, 711 S.W.2d at 231; Delaup, 917
S.W.2d at 412B413.

Having determined that the nunc pro tunc
divorce decree is valid, we turn to Valencia=s sole issue:
whether the trial court erred by calculating the arrearage amount from the date
of the original divorce decree rather than the date of the judgment nunc pro tunc.








Valencia cites Kawazoe v. Davila,
849 S.W.2d 906 (Tex. App.CSan Antonio 1993, no pet.), for the
proposition that child support arrearages based on a judgment nunc pro tunc
should be calculated from the date the judgment nunc pro tunc was signed.  In Kawazoe,
a mother misrepresented to the father of her child that he had relinquished his
parental rights and refused to allow the father to have any visitation or
contact with his children for thirteen years.  See id. at 907B08.  When the
mother later sought an arrearage judgment for unpaid child support, the trial
court found the mother was barred from recovery due to laches, fraud, and
estoppel.  See id.  The appellate court affirmed the trial court=s decision on the
basis of estoppel, but declined to address the other two theories.  Id.
at 910B11.  As a
preliminary matter, the equitable defenses involved in Kawazoe were not
raised in the trial court in this case, and therefore have not been preserved
for our review.  Tex. R. App. P. 33.1(a). 
Moreover, Kawazoe is distinguishable from this case for several
reasons.  First, Kawazoe did not concern arrearages based on a nunc pro
tunc judgment.  See Kawazoe, 849 S.W.2d at 910B11.  Also, the
facts here do not suggest estoppel or fraud, as there is no evidence that
Avellaneda made a false representation or concealed material facts.  See id.
at 909 (discussing elements of estoppel); see also Johnson & Higgins
of Tex., Inc. v. Kenneco Energy, 962 S.W.2d 507, 524 (Tex. 1998)
(discussing elements of common-law fraud).  Rather, Valencia disappeared into Mexico,
evaded Avellaneda=s attempts to locate him, and failed to
pay child support.  Finally, although Valencia asserts that the original
attorneys and Avellaneda knew there was no enforceable order to pay child
support at the time the divorce decree was entered, the trial judge=s docket notations
evidencing the judgment rendered support the opposite inference.








AA nunc pro tunc
judgment, although signed later, relates back to the date of the original
judgment and is effective as of the earlier date.@  Daniels v.
Comm=n for Lawyer Discipline, 142 S.W.3d 565,
573 (Tex. App.CTexarkana 2006, no pet.); see also Marichal v.
Marichal, 768 S.W.2d 383, 386 (Tex. App.CHouston [14th
Dist.] 1989, writ denied) (recognizing that modifications to child support
provisions in a divorce decree nunc pro tunc are retroactive in effect and
entitle payee to support payments retroactive to the date of the original
decree); McGatlin v. Hartford Ins. Co. of Tex., 94 S.W.3d 311, 315 (Tex.
App.CTexarkana 2002, no
pet.) (stating that an order that should be regarded as a nunc pro tunc order
would have retroactive effect).  Here, the nunc pro tunc decree, though signed
July 25, 2007, was effective as of May 12, 1994.  See Daniels, 142
S.W.3d at 573.  The nunc pro tunc decree did not change Valencia=s obligation or
impose a new obligation but merely brought the decree as entered in line with
the judgment originally rendered.  See Scott v. Scott, 408 S.W.2d 135,
137 (Tex. App.CFort Worth 1966, writ dism=d) (stating that a
judgment nunc pro tunc=s only purpose is to have the judgment
entry speak truly the judgment as rendered and does not assert any new right). 
Thus, from June 1, 1994 until his child support obligation was modified on June
15, 2007, Valencia accrued a child support arrearage of $500 for each month he
failed to pay.  Because the nunc pro tunc decree was retroactive in effect, the
trial court did not err in entering a judgment against Valencia for the
arrearages accrued from June 1, 1994 until June 15, 2007.  See Marichal,
768 S.W.2d at 386.  We therefore overrule his sole issue.

Having overruled Valencia=s sole issue, we
affirm the trial court=s judgment.

 

 

/s/      Leslie
B. Yates

Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.









[1]  Though the parties do not challenge the validity of
the nunc pro tunc divorce decree, we will address this issue as it is
jurisdictional.  See Barton v. Gillespie, 178 S.W.3d 121, 126 (Tex. App.CHouston [1st Dist.] 2005, no pet.) (stating that a
judgment nunc pro tunc correcting a judicial error after the trial court=s plenary power has expired is void) (citing Dikeman
v. Snell, 490 S.W.2d 183, 186 (Tex. 1973)); Waite v. Waite, 150
S.W.3d 797, 800 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied) (stating that appellate court has no jurisdiction
over void judgment; appellate court must simply declare such a judgment void
and dismiss the appeal).  A court always has jurisdiction to determine its own
jurisdiction.  Houston Mun. Employees Pension Sys. v. Ferrell, 248
S.W.3d 151, 158 (Tex. 2007).