Roy SCHEXNIDER and Christine
Schexnider, Appellants,

v.

SCOTT & WHITE MEMORIAL HOSPI-
TAL, d/b/a Scott & White Memorial
Hospital; Scott & White Clinic, d/b/a
Scott & White Clinic; Allan E. Nickel,
M.D.; Emmet Mackan, M.D.; Elias J.
Fanous, M.D.; Paul Wuthrich, M.D.;
Thomas Coburn, M.D.; Wade Leon
Knight, M.D.; Larry Price, D.O.;
Randall W. Smith, M.D.; James C. Rob-
inson, M.D.; G.B. Drake, M.D.; S.K.
O'Sullivan, M.D.; J.M. Stoebner, M.D.;
Franklin G. Pratt, M.D.; Mark E. Law-
rence, D.O.; John P. Eberts, M.D.; Rob-
ert E. Fusselman, M.D.; Johnny L.
Montgomery, M.D.; Troy H. Williams,
M.D.; Jose Rodriguez, M.D.; Eberhard
Samlowski, M.D.; Lea G. Naul, M.D.;
Frederick W. Rupp, M.D.; William R.
Carpenter, M.D.; Brenda Peabody, M.D.;
Ben Chlapek, M.D.; Kenneth Kindle,
D.O.; John R. Randall, D.O.; Russell J.
Pischinger, M.D.; Michael L. Nipper,
M.D.; James H. Heriot, M.D.; and
George Martinez, M.D., Appellees.

No. 03-94-00771-CV.

Court of Appeals of Texas,
Austin.

Aug. 14, 1997.

Michael L. Davis, Robert D. Green, Green & Black, L.L.P., Jimmy Williamson, Houston, for appellants.

Lisa L. Havens–Cortes, Bowmer, Courtney, Burleson, Normand & Moore, Temple, for appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

POWERS, Justice.

Plaintiffs Roy and Christine Schexnider appeal from a summary judgment rendered against them in their medical-malpractice action against Scott & White Memorial Hospital, Scott & White Clinic, Allen E. Nickel, and James H. Heriot, M.D. Robert D. Green, the Schexnider's attorney in the cause, appeals from a $25,000 sanction imposed against him by the trial court under Rule 13 of the Texas Rules of Civil Procedure. These matters have been before us previously.

In our first opinion, we reversed the summary judgment against the Schexniders for want of a record sufficient to support judgment against them as a matter of law; and because we believed a trial court was powerless to impose Rule 13 sanctions in favor of non-parties—twenty-nine defendant physicians who had been dismissed from the cause before filing their motion for sanctions—we reversed the sanction order as an abuse of discretion. *Schexnider v. Scott & White Memorial Hosp.*, 906 S.W.2d 659 (Tex.App.— Austin 1995). On writ of error, the supreme court affirmed our judgment insofar as it reversed the summary judgment against the Schexniders. The supreme court reversed our judgment insofar as it rested on our holding that the trial court was powerless to impose a Rule 13 sanction in the circumstances indicated. The court remanded the cause to us to consider Green's remaining points of error attacking the sanction order as an abuse of discretion. *Scott & White Memorial Hosp., et al v. Schexnider*, 940 S.W.2d 594 (Tex.1996). We refer to these opinions for particulars of the litigation not set out herein.

## THE SANCTION ORDER

Rule 13 authorizes a trial judge to impose a monetary sanction, after notice and hearing, upon an attorney who signs a pleading that is groundless and brought in bad faith or for the purpose of harassment. The rule continues as follows:

> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, *the particulars of which must be stated in the sanction order.* "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for

the extension, modification, or reversal of existing law.

Tex.R. Civ. P. 13 (emphasis added).

The sanction order in the present case states as follows:

> The Court, after examining the pleadings, motions, and the evidence and hearing the arguments of counsel, is of the opinion that [the Schexniders'] pleadings, notice letters, and suit were groundless and brought in bad faith and for the purpose of harassment.... The excuses offered are not supported by the facts. The Court further finds that there is good cause for imposing sanctions against [Green] under Rule 13, Texas Rules of Civil Procedure. The particular acts or omissions which justify sanctions and constitute good cause for sanctions are: A groundless petition brought against the non-party movants that is in bad faith and brought for the purpose of harassment.

◼ We interpret this order as imposing against Green a $25,000 sanction based upon the trial judge's determination that Green filed a groundless petition against the twenty-nine defendant physicians in bad faith and for the purpose of harassment, a determination made from the pleadings and motions on file, evidence adduced at the sanction hearing, and argument of counsel at such hearing.

## DISCUSSION AND HOLDINGS

The sanction order is erroneous on its face for omitting to state the particulars upon which the trial judge reached his conclusions of law expressed as "good cause," "groundless petition," "bad faith," and "brought for the purpose of harassment." We cannot know the facts found by the trial court upon which these conclusions rest. As a result, meaningful appellate review is precluded "because the sanctioned party [is] unable to overcome the presumption that the trial court found necessary facts in support of its judgment." *GTE Communications Sys.*

*Corp. v. Curry,* 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991, no writ); *see also Campos v. Ysleta General Hosp., Inc.,* 879 S.W.2d 67, 70 (Tex.Civ.App.—El Paso 1994, writ denied).

◼ In point of error eight, Green complains of the aforesaid error. He did not bring the error to the attention of the trial judge and thus failed to preserve an appellate complaint in that regard. *See Marshall Land v. AT & S Transportation, Inc.,* 947 S.W.2d 665, 666 (Tex.App.—Austin, no writ h.). We overrule point of error eight.

◼ In point of error seven, Green complains there is no evidence that he signed the petition against the twenty-nine defendant physicians in bad faith or for the purpose of harassment. Green did not appear at the evidentiary hearing. No witness testified regarding his mental state in signing the petition or his reasons for doing so. Green argues on appeal that this void in the evidence precludes a conclusion of law that he acted in bad faith or for the purpose of harassment. He cites in support of his contention *Karlock v. Schattman,* 894 S.W.2d 517, 523 (Tex.App.—Fort Worth 1995, no writ), and decisions cited therein. We do not interpret those decisions to mean that the elements of Rule 13 may be proved only by direct evidence of bad faith or for the purpose of harassment. That interpretation would contradict the basic principle approved by the supreme court in *Smith v. Jungkind,* 252 S.W.2d 596, 599 (Tex.Civ.App.—Austin 1952, writ ref'd), namely that intent is generally "to be shown by the result of an act done, words spoken about the act, together with all other facts and circumstances in evidence." *Id.* That is to say, intent may be proved by circumstantial evidence as well as direct evidence.

◼ For the reason given previously, we cannot know the facts actually found by the trial judge relative to bad faith and harassing purpose.[1] We observe, however, that the

---

1. Two witnesses testified at the Rule 13 hearing. One was an individual employed by Scott and White Memorial Hospital as "director of risk management," the other was the attorney for the twenty-nine defendant physicians who prepared the motion for sanctions. They testified regarding the twenty-nine physicians' connection to Schexnider's medical problems and how they were unrelated to the injuries made the basis of his cause of action; the want of a reasonable investigation of that connection before Green joined them as defendants; the coercive effect

**442**

evidence adduced at the Rule 13 hearing permits a reasonable inference that the twenty-nine physician defendants had only an indirect connection to the injuries made the basis of the Schexniders' suit, that Green joined them as defendants without first ascertaining the basis of their liability by reasonable investigation, that he had reason to know the mere filing of a malpractice claim against them would have a coercive effect upon them independent of the merits of the claim, and that he had no actual basis for the claim because he dismissed all the twenty-nine by taking a non-suit. The reasonableness of the foregoing inferences is augmented by the fact that Green did not testify regarding his reasons and purposes in signing the petition. *See In re Sheppard,* 815 S.W.2d 917, 921 (Tex.Spec.Ct.Rev.1991) (litigant's failure to testify justifies inference that truth would not have aided his case). In his brief to this Court, Green argues extensively for inferences contrary to those described. The argument only emphasizes the fact that the trial judge was faced with conflicting evidence and the inferences proper to be drawn therefrom; the argument does not establish a want of evidence. We hold the inferences we have hypothesized are not unreasonable in light of the evidence and justify the conclusions that Green signed the petition in bad faith and for the purpose of harassment. We overrule point of error seven.

In point of error nine, Green contends the trial judge was deprived of the discretionary power to impose sanctions under Rule 13 because the twenty-nine physicians did not file special exceptions to the petition that joined them as defendants. Nothing in Rule 13 or any authority we have discovered imposes the condition suggested by Green. He refers us to the passage in *Vera v. Perez,* 884 S.W.2d 182, 184 (Tex.App.—Corpus Christi 1994, no writ), stating that "an objection to a pleading defect is waived *on appeal* in the absence of special exceptions." *Id.* (emphasis added). Preservation of a claim of

error for appellate purposes is not the same as the condition for which Green contends. We overrule point of error nine.

In point of error ten, Green contends the twenty-nine physicians waived their right to sanctions as a matter of law by failing to exercise their discovery rights and failing to file their motion for summary judgment until after the lapse of two and one-half years from the date Green filed the petition that named them as defendants. Waiver is essentially a question of intention. While the necessary intention may be inferred from conduct, and implied to prevent fraud or inequitable consequences, we find in the record no basis for such an inference or implication as a matter of law. We overrule point of error ten.

In point of error eleven, Green contends the $25,000 sanction is unjust and excessive. He points to no particular reason why this is so. Apparently he means the sanction is unjust and excessive for all the reasons pointed out in points of error seven through ten. We have overruled those points of error for reasons given previously. Following Green's premise in that regard, we overrule point of error eleven.

We affirm the trial-court judgment imposing against Green the $25,000 sanction. We remand the cause to the trial court for proceedings not inconsistent with our judgment or that of the supreme court.

the mere filing of a medical-malpractice claim had upon such defendants; and that Green had reason to know of that effect. Documents received in evidence at the hearing included Green's letters to the physicians notifying them

that the Schexniders intended to make a claim against them, the particulars of the physicians' relationship to Schexnider's medical problems, records from Green's litigation files, and documents filed in the litigation.