TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00702-CV





In the Interest of D. C. II, J. A. C. and A. M. C.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. 97-13758, HONORABLE J. ANDREW HATHCOCK, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        Dana Carson appeals the district court’s order enforcing his obligation to pay spousal
maintenance to Freda Carson. For the reasons that follow, we affirm the decision of the district
court.

FACTUAL AND PROCEDURAL BACKGROUND
                        In April 1998, Dr. Dana Carson (“Dr. Carson”) and Freda Carson (“Ms. Carson”)
divorced. The divorce decree ordered Dr. Carson to pay Ms. Carson $2,300 per month for fifteen
years as equalization of property from the marriage and $1,000 per month for fifteen years, or until
Ms. Carson remarried, in spousal maintenance. Dr. Carson began the payments on May 1, 1998. 
The decree allocated costs related to the children to both parents during their possession.
                        In September 2003, the parties agreed to modify certain provisions of the divorce
decree. The Order (“2003 Order”) required Dr. Carson to pay $1,800 per month in child support
payments to Ms. Carson. The 2003 Order stated that all terms of prior orders not specifically
modified remained in full force and effect. In October 2003 and for several months following, Dr.
Carson made child support and property equalization payments to Ms. Carson, but did not pay
spousal maintenance.
                        In June 2004, the court entered an order in which the parties agreed to reduce child
support payments from $1,800 to $1,500 per month beginning June 1, 2004. Also in June 2004, Ms.
Carson remarried, ending Dr. Carson’s obligation to pay spousal maintenance.
                        In February 2005, Ms. Carson filed an enforcement action against Dr. Carson for
failing to pay amounts ordered by the final decree of divorce. In response, Dr. Carson sought to
clarify the 1998 divorce decree and the 2003 Order, believing that the 2003 Order eliminated spousal
maintenance. Following a hearing, the court found that Dr. Carson was in arrears with regard to
property equalization payments in the amount of $12,000 and spousal maintenance payments in the
amount of $9,000. Dr. Carson appeals the court’s finding that he was in arrears regarding spousal
maintenance.

ANALYSIS
                        Dr. Carson appeals in three issues. In his first and second issues, Dr. Carson contends
that Ms. Carson waived her right to the remaining spousal maintenance payments as a result of her
conduct following the 2003 Order and is now estopped from asserting her right to those payments. 
In his third issue, Dr. Carson contends that, because of accident or mutual mistake of the parties, the
2003 Order did not reflect the parties’ intent to eliminate spousal maintenance. He argues that, as
a result, the court should have granted his motion to clarify the 2003 Order.
Standard of Review
                        We review the order to enforce spousal maintenance under an abuse of discretion
standard. See Carlin v. Carlin, 92 S.W.3d 902, 905 (Tex. App.—Beaumont 2002, no pet.). Under
the abuse of discretion standard, we will reverse the decision of the lower court only if it is found
to have acted without reference to any guiding rules or principles, or it is found to have acted
arbitrarily or unreasonably. Cire v. Cummings, 134 S.W.3d 835, 839 (Tex. 2004). In making this
determination, we will examine the evidence in a light most favorable to the trial court’s judgment. 
Vaughn v. Vaughn, No. 03-04-0030, 2005 Tex. App. LEXIS 3582, at *23 (Tex. App.—Austin, May
12, 2005, no pet.) (mem. op.); Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.—San Antonio
1995, writ denied). In an abuse of discretion review, legal and factual insufficiency are not
independent grounds of error, but are relevant factors in an appellate court’s determination of
whether the trial court abused its discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.
App.—Austin 1997, no pet.).

Waiver of Spousal Maintenance
                        In Dr. Carson’s first issue, he contends that the district court abused its discretion by
failing to find that Ms. Carson waived her right to the remaining spousal maintenance payments
because she did not object to his lack of performance or seek payments for spousal maintenance until
the February 2005 action.
                        Waiver is the “intentional relinquishment of a known right or intentional conduct
inconsistent with that right.” Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003) (quoting Sun
Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987)). In order for implied waiver
to be found through a party’s actions, intent must be clearly shown through surrounding facts and
circumstances. Jernigan, 111 S.W.3d at 156-57. Implied waiver is applicable only to prevent fraud
and inequitable consequences. See Schexnider v. Scott & White Mem. Hosp., 953 S.W.2d 439, 442
(Tex. App.—Austin 1997, no pet.).
                        Ms. Carson waited nine months to pursue enforcement of her claim while the parties
were negotiating other matters, including the custody of the children. Ms. Carson testified that the
negotiations regarding the custody of her oldest son caused great “stress and commotion” to the
parties, and that she was insistent upon resolving the custody issue before spousal maintenance. 
Waiver requires an actual intent to relinquish the right, and Dr. Carson’s contention, that Ms.
Carson’s intent to relinquish her spousal maintenance payments can be inferred from her failure to
raise the issue during negotiations on other matters, does not satisfy this burden.
                        Because Dr. Carson did not conclusively establish waiver and the court’s finding was
not against the great weight and preponderance of the evidence, the court did not abuse its discretion. 
Dr. Carson’s first issue is overruled.

Estoppel
                        In Dr. Carson ’s second issue, he contends that the district court abused its discretion
when it failed to find that Ms. Carson was estopped from asserting her right to the remaining spousal
maintenance payments. Dr. Carson contends that Ms. Carson purposely concealed her belief that
she was entitled to the remaining spousal maintenance payments in order to obtain leverage on issues
concerning custody and child support. Dr. Carson further argues that he was fraudulently induced,
to his detriment, to negotiate and settle the custody and child support issues before the issue of
spousal maintenance.
                        The elements of equitable estoppel are (1) a false representation or concealment of
material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without
knowledge, or means of knowledge of those facts; (4) with intention that it should be acted on; and
(5) the party to whom it was made must have relied or acted on it to his or her prejudice. Johnson
& Higgins, Inc. v. Kenneco Energy, 962 S.W.2d 507, 515 (Tex. 1998). The party raising the defense
of estoppel has the burden of proving all elements, and the failure to do so is fatal. Adams v. First
Nat’l Bank of Bells/Savoy, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.).
                        Dr. Carson failed to provide sufficient evidence that Ms. Carson concealed material
information because he had access to the divorce decree from which she obtained her right to spousal
maintenance. Further, Dr. Carson did not conclusively prove that Ms. Carson’s delay in enforcement
was due to concealment or false representation. As discussed earlier, Ms. Carson testified that she
decided not to pursue her claim for spousal maintenance because the parties were negotiating other
matters, including the custody of the children, that she believed were more important. Ms. Carson
timely pursued her claim against Dr. Carson, and Dr. Carson does not now claim that Ms. Carson’s
claim is barred by time limitations. 
                        Because Dr. Carson did not conclusively establish that Ms. Carson was estopped from
asserting her claim to the remaining spousal maintenance payments, and the court’s finding was not
against the great weight and preponderance of the evidence, the court did not abuse its discretion. 
Dr. Carson’s second issue is overruled.
Motion to Clarify
                        In Dr. Carson’s third issue, he contends that the district court abused its discretion by
failing to grant his motion to clarify the 2003 Order because, by accident or mutual mistake of the
parties, spousal maintenance was not eliminated from the Order as the parties intended. Dr. Carson
maintains that it was the parties’ intention while drafting the Order to substitute child support for
spousal maintenance.
                        A consent decree is governed by the law of contracts. Harvey v. Harvey, 905 S.W.2d
760, 764 (Tex. App.—Austin 1995, no pet.). Its meaning is to be construed first by the intent of the
parties manifested in the written agreement. See Gulf Ins. Co. v. Burns Motors, 22 S.W.3d 417, 424
(Tex. 2000). Where there is no ambiguity in a consent decree or judgment, a trial court is without
authority to modify it. See Pearcy v. Pearcy, 884 S.W.2d 512, 514 (Tex. App.—San Antonio 1994,
no writ). A mutual mistake exists when evidence shows that both parties acted under the same
misunderstanding of a material fact. Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990). The
objective in reforming a contract is to correct a mutual mistake made in preparing the document, so
that it reflects the original agreement of the parties. Cherokee Water Co. v. Forderhause, 741
S.W.2d 377, 379 (Tex. 1987); see Wallerstein v. Spirt, 8 S.W.3d 774, 781 (Tex. App.—Austin 1999,
no pet.).
                        The 2003 Order provided that the parties have “agreed to modify the Decree of
Divorce with regard to powers and duties of the parents, possession, elimination of spousal
maintenance and child support as hereinafter set forth.” (Emphasis added.) The Order stated that
the terms of divorce decree remained in effect if not expressly modified by the 2003 Order. The
Order did not modify the spousal maintenance provisions of the divorce decree.
                        At the hearing, Dr. Carson testified that both he and Ms. Carson intended to replace
the spousal maintenance payments with the child support payments. However, Ms. Carson disputed
this testimony, testifying that she never held that belief. Although Dr. Carson claims that the
language eliminating spousal maintenance was inadvertently omitted because of time pressures in
drafting the Order, he did not file any timely motions to change or correct the Order, nor did he
appeal the Order.
                        The district court acted within its discretion when it determined that, because both
parties were not operating under the same misunderstanding when the 2003 Order was drafted, there
was no mutual mistake. Further, the district court acted within its discretion when it found that the
2003 Order did not modify the divorce decree granting spousal maintenance, and that it was not the
intent of the parties to do so. Dr. Carson’s third issue is overruled.

CONCLUSION
                        Because Dr. Carson failed to prove that the district court abused its discretion, we
affirm its decision.
 
 
                                                                                                                                                            
                                                                        Jan P. Patterson, Justice
Before Chief Justice Law, Justices Patterson and Pemberton
Affirmed
Filed: June 30, 2005