# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00702-CV

### In the Interest of D. C. II, J. A. C. and A. M. C.

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT**
**NO. 97-13758, HONORABLE J. ANDREW HATHCOCK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Dana Carson appeals the district court's order enforcing his obligation to pay spousal maintenance to Freda Carson. For the reasons that follow, we affirm the decision of the district court.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 1998, Dr. Dana Carson ("Dr. Carson") and Freda Carson ("Ms. Carson") divorced. The divorce decree ordered Dr. Carson to pay Ms. Carson $2,300 per month for fifteen years as equalization of property from the marriage and $1,000 per month for fifteen years, or until Ms. Carson remarried, in spousal maintenance. Dr. Carson began the payments on May 1, 1998. The decree allocated costs related to the children to both parents during their possession.

In September 2003, the parties agreed to modify certain provisions of the divorce decree. The Order ("2003 Order") required Dr. Carson to pay $1,800 per month in child support

payments to Ms. Carson. The 2003 Order stated that all terms of prior orders not specifically modified remained in full force and effect. In October 2003 and for several months following, Dr. Carson made child support and property equalization payments to Ms. Carson, but did not pay spousal maintenance.

In June 2004, the court entered an order in which the parties agreed to reduce child support payments from $1,800 to $1,500 per month beginning June 1, 2004. Also in June 2004, Ms. Carson remarried, ending Dr. Carson's obligation to pay spousal maintenance.

In February 2005, Ms. Carson filed an enforcement action against Dr. Carson for failing to pay amounts ordered by the final decree of divorce. In response, Dr. Carson sought to clarify the 1998 divorce decree and the 2003 Order, believing that the 2003 Order eliminated spousal maintenance. Following a hearing, the court found that Dr. Carson was in arrears with regard to property equalization payments in the amount of $12,000 and spousal maintenance payments in the amount of $9,000. Dr. Carson appeals the court's finding that he was in arrears regarding spousal maintenance.

**ANALYSIS**

Dr. Carson appeals in three issues. In his first and second issues, Dr. Carson contends that Ms. Carson waived her right to the remaining spousal maintenance payments as a result of her conduct following the 2003 Order and is now estopped from asserting her right to those payments. In his third issue, Dr. Carson contends that, because of accident or mutual mistake of the parties, the 2003 Order did not reflect the parties' intent to eliminate spousal maintenance. He argues that, as a result, the court should have granted his motion to clarify the 2003 Order.

2

*Standard of Review*

We review the order to enforce spousal maintenance under an abuse of discretion standard. *See Carlin v. Carlin*, 92 S.W.3d 902, 905 (Tex. App.—Beaumont 2002, no pet.). Under the abuse of discretion standard, we will reverse the decision of the lower court only if it is found to have acted without reference to any guiding rules or principles, or it is found to have acted arbitrarily or unreasonably. *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004). In making this determination, we will examine the evidence in a light most favorable to the trial court's judgment. *Vaughn v. Vaughn,* No. 03-04-0030, 2005 Tex. App. LEXIS 3582, at *23 (Tex. App.—Austin, May 12, 2005, no pet.) (mem. op.); *Tucker v. Tucker,* 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). In an abuse of discretion review, legal and factual insufficiency are not independent grounds of error, but are relevant factors in an appellate court's determination of whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.).

*Waiver of Spousal Maintenance*

In Dr. Carson's first issue, he contends that the district court abused its discretion by failing to find that Ms. Carson waived her right to the remaining spousal maintenance payments because she did not object to his lack of performance or seek payments for spousal maintenance until the February 2005 action.

Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). In order for implied waiver

3

to be found through a party's actions, intent must be clearly shown through surrounding facts and circumstances. *Jernigan,* 111 S.W.3d at 156-57. Implied waiver is applicable only to prevent fraud and inequitable consequences. *See Schexnider v. Scott & White Mem. Hosp.,* 953 S.W.2d 439, 442 (Tex. App.—Austin 1997, no pet.).

Ms. Carson waited nine months to pursue enforcement of her claim while the parties were negotiating other matters, including the custody of the children. Ms. Carson testified that the negotiations regarding the custody of her oldest son caused great "stress and commotion" to the parties, and that she was insistent upon resolving the custody issue before spousal maintenance. Waiver requires an actual intent to relinquish the right, and Dr. Carson's contention, that Ms. Carson's intent to relinquish her spousal maintenance payments can be inferred from her failure to raise the issue during negotiations on other matters, does not satisfy this burden.

Because Dr. Carson did not conclusively establish waiver and the court's finding was not against the great weight and preponderance of the evidence, the court did not abuse its discretion. Dr. Carson's first issue is overruled.

### *Estoppel*

In Dr. Carson 's second issue, he contends that the district court abused its discretion when it failed to find that Ms. Carson was estopped from asserting her right to the remaining spousal maintenance payments. Dr. Carson contends that Ms. Carson purposely concealed her belief that she was entitled to the remaining spousal maintenance payments in order to obtain leverage on issues concerning custody and child support. Dr. Carson further argues that he was fraudulently induced,

4

to his detriment, to negotiate and settle the custody and child support issues before the issue of spousal maintenance.

The elements of equitable estoppel are (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge, or means of knowledge of those facts; (4) with intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his or her prejudice. *Johnson & Higgins, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 515 (Tex. 1998). The party raising the defense of estoppel has the burden of proving all elements, and the failure to do so is fatal. *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.).

Dr. Carson failed to provide sufficient evidence that Ms. Carson concealed material information because he had access to the divorce decree from which she obtained her right to spousal maintenance. Further, Dr. Carson did not conclusively prove that Ms. Carson's delay in enforcement was due to concealment or false representation. As discussed earlier, Ms. Carson testified that she decided not to pursue her claim for spousal maintenance because the parties were negotiating other matters, including the custody of the children, that she believed were more important. Ms. Carson timely pursued her claim against Dr. Carson, and Dr. Carson does not now claim that Ms. Carson's claim is barred by time limitations.

Because Dr. Carson did not conclusively establish that Ms. Carson was estopped from asserting her claim to the remaining spousal maintenance payments, and the court's finding was not against the great weight and preponderance of the evidence, the court did not abuse its discretion. Dr. Carson's second issue is overruled.

5

***Motion to Clarify***

In Dr. Carson's third issue, he contends that the district court abused its discretion by failing to grant his motion to clarify the 2003 Order because, by accident or mutual mistake of the parties, spousal maintenance was not eliminated from the Order as the parties intended. Dr. Carson maintains that it was the parties' intention while drafting the Order to substitute child support for spousal maintenance.

A consent decree is governed by the law of contracts. *Harvey v. Harvey*, 905 S.W.2d 760, 764 (Tex. App.—Austin 1995, no pet.). Its meaning is to be construed first by the intent of the parties manifested in the written agreement. *See Gulf Ins. Co. v. Burns Motors*, 22 S.W.3d 417, 424 (Tex. 2000). Where there is no ambiguity in a consent decree or judgment, a trial court is without authority to modify it. *See Pearcy v. Pearcy,* 884 S.W.2d 512, 514 (Tex. App.—San Antonio 1994, no writ). A mutual mistake exists when evidence shows that both parties acted under the same misunderstanding of a material fact. *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990). The objective in reforming a contract is to correct a mutual mistake made in preparing the document, so that it reflects the original agreement of the parties. *Cherokee Water Co. v. Forderhause,* 741 S.W.2d 377, 379 (Tex. 1987); *see Wallerstein v. Spirt*, 8 S.W.3d 774, 781 (Tex. App.—Austin 1999, no pet.).

The 2003 Order provided that the parties have "agreed to modify the Decree of Divorce with regard to powers and duties of the parents, possession, elimination of spousal maintenance and child support *as hereinafter set forth*." (Emphasis added.) The Order stated that the terms of divorce decree remained in effect if not expressly modified by the 2003 Order. The Order did not modify the spousal maintenance provisions of the divorce decree.

At the hearing, Dr. Carson testified that both he and Ms. Carson intended to replace the spousal maintenance payments with the child support payments. However, Ms. Carson disputed this testimony, testifying that she never held that belief. Although Dr. Carson claims that the language eliminating spousal maintenance was inadvertently omitted because of time pressures in drafting the Order, he did not file any timely motions to change or correct the Order, nor did he appeal the Order.

The district court acted within its discretion when it determined that, because both parties were not operating under the same misunderstanding when the 2003 Order was drafted, there was no mutual mistake. Further, the district court acted within its discretion when it found that the 2003 Order did not modify the divorce decree granting spousal maintenance, and that it was not the intent of the parties to do so. Dr. Carson's third issue is overruled.

### CONCLUSION

Because Dr. Carson failed to prove that the district court abused its discretion, we affirm its decision.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 30, 2005

7