Opinion Issued July 24, 2008









Opinion Issued July 24, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00277-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SUSAN GAIL MESSINA, Appellant

 

V.

 

LOUIS ANTHONY MESSINA, Appellee

 

 



On Appeal from the 308th District Court

Harris County, Texas

Trial Court Cause No. 2005-73098








 

 



MEMORANDUM OPINION

          Appellant, Susan Messina,
sued her ex-husband, Louis Messina, to recover assets that he allegedly failed
to disclose during their 1999 divorce proceeding.  The trial court granted
Louis’s motion to dismiss the suit with prejudice and ordered Susan to pay
Louis’s attorney’s fees.  On appeal, Susan contends that the trial court abused
its discretion in: (1) dismissing the suit with prejudice after granting
Susan’s motion for nonsuit; (2) imposing sanctions against her; (3) imposing
sanctions and attorney’s fees without stating supporting reasons; and (4)
denying Susan’s motion for new trial.  Susan’s final contention is that
limitations should be tolled during this appeal.  We conclude that (1) Susan
failed to preserve her contention that the trial court failed to articulate
reasons for its sanctions order and (2) the trial court did not abuse its
discretion in dismissing the case with prejudice and awarding attorney’s fees. 
We therefore affirm.

Background

          Susan and Louis Messina
divorced in July 1999.  Prior to entry of the final divorce agreement (“AID”),
the Messinas executed a Mediated Settlement Agreement (“MSA”), which they filed
on May 24, 1999.  The MSA contained schedules of the partitioned assets and
liabilities, and recited that it “shall be effective immediately as a contract,
shall supersede any temporary orders or other agreements of the parties with
respect to the subject matter thereof, and shall serve as a partition of all
property set forth herein to the person to whom such property is awarded.”

          Susan sued Louis in
November 2005, alleging that unpartitioned property existed at the time of the
divorce, in which she has a community property interest.  Specifically, she
claims an interest in: (1) a ranch in New Ulm, which Louis sold in 2005 for
over $1 million; (2) proceeds from a sale of Pace Entertainment, Inc. (“Pace”)
stock to SFX Entertainment, allegedly worth $40 million; and (3) “other
community assets.”  Susan attached a copy of the final divorce decree, the
mediated settlement agreement, and Louis’s inventory and appraisement to her
petition.  When Louis did not appear, Susan obtained an interlocutory default
judgment against him in May 2006, which awarded Susan a “writ of inquiry,” and
damages to be assessed when the cause was called.

          Louis became aware of the
suit in September 2006 when Susan attempted to depose Allen Becker, one of
Louis’s business associates.  Shortly after learning about the suit, Louis
moved to set aside the interlocutory default judgment, to dismiss, and for
sanctions.   Louis’s motion was entitled “LOUIS MESSINA’S SECOND SUPPLEMENT TO
‘APPEARANCE AND MOTION TO DISMISS AND FOR ECONOMIC SANCTIONS UNDER RULE 13 OF
TEXAS RULES OF CIVIL PROCEDURE AND GENERAL SANCTIONS AND LOUIS MESSINA’S
SUPPLEMENT TO MOTION TO SET ASIDE INTERLOCUTORY DEFAULT JUDGMENT AND FOR NEW
TRIAL.’”  In support of the motion, Louis provided an affidavit, a copy of a
closing payment confirmation which evidences the sale of Pace stock to SFX
Entertainment, the earnest money contract for the New Ulm ranch, copies of
checks written as payment for an option fee and earnest money drawn on accounts
from Chase Bank partitioned to Louis in the MSA, the deed for 75+ acres of
land, and a warranty deed for 44+ acres purchased on February 18, 2003.

In October 2006, the trial court
heard Louis’s motion for new trial and his motion to dismiss and for
sanctions.  After hearing argument that Susan’s lawsuit was based on nothing
other than “intuition,” the trial court granted Louis’s motion to set aside the
default judgment, but allowed Susan additional time for discovery before ruling
on the motion to dismiss and for sanctions.  The trial court warned Susan that
“if intuition is it, sanctions will be granted because it’s taking up the
Court’s time.”  The parties agreed to set the trial for January 9, 2007.

          On January 3, 2007, Susan
moved for a continuance on the grounds that both Susan’s co-counsel and her
counsel’s wife had been hospitalized, and she needed additional time for
discovery.  Susan had not yet provided Louis with his requested discovery, nor
had she deposed either Allen Becker or Louis.  Her answers to Louis’s request
for production was “will produce.”  Rather than produce this evidence, Susan
served Chase Bank with a request for a deposition, seeking Louis’s bank records
for the previous twenty years.  The trial court quashed the deposition, stating
that asking for records from the date of divorce through 2006 was harassment. 
The trial court also denied the motion for continuance.

          When the parties arrived
for trial on January 9, Susan moved to nonsuit her claims without prejudice. 
The trial court advised Susan that even if it granted the motion, Louis’s
motion to dismiss and for sanctions remained pending.  Susan acknowledged
Louis’s right to go forward, and the trial court granted Susan’s nonsuit. 
After a hearing on the motion to dismiss and for sanctions, the trial court
stated that it did not find the lawsuit to be frivolous, because Susan “had a
right to bring it,” but granted the motion to dismiss with prejudice and
awarded Louis $42,195 in attorney’s fees.  The trial court’s order does not
state the basis for the sanctions award.

          Susan moved for a new
trial, which the trial court denied.  At the hearing on that motion, the trial
court stated that it had found no evidence of undisclosed property.

Dismissal with Prejudice

          Susan contends that the
trial court abused its discretion in: (1) granting Louis’s motion to dismiss
with prejudice after granting her nonsuit and (2) imposing any sanctions
against her, including the dismissal of her suit.

Sanctions Following Nonsuit

          Susan contends that the
trial court could not dismiss her case with prejudice after granting her motion
for nonsuit.  We disagree.  “[A] plaintiff’s right to take a nonsuit is unqualified
and absolute as long as the defendant has not made a claim for affirmative
relief.”  BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 840 (Tex. 1990).  “The nonsuit extinguishes a case or controversy from
‘the moment the motion is filed’ or an oral motion is made in open court; the
only requirement is ‘the mere filing of the motion with the clerk of the court.’”
Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz,
195 S.W.3d 98, 100 (Tex. 2006) (quoting Shadowbrook Apts. v. Abu-Ahmad,
783 S.W.2d 210, 211 (Tex. 1990)).  A nonsuit does not, however, affect
the trial court’s authority to act on a motion for sanctions pending at the
time of dismissal.  Tex. R. Civ. P.
162.  Louis moved to dismiss Susan’s suit and sought sanctions in October 2006,
three months before Susan moved for nonsuit.  The motion for sanctions was
therefore pending at the time of nonsuit, and thus, the trial court had
jurisdiction to hear Louis’s motion for sanctions.  Dismissal with prejudice,
rather than without prejudice, is one form of sanctions because it precludes
any hearing of the claims on the merits.  See Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  We overrule
Susan’s first issue.

Dismissal with Prejudice as a
Sanction

          Susan next contends that
the trial court abused its discretion in dismissing her case with prejudice and
awarding Louis attorney’s fees because: (1) the trial court failed to specify
the reasons for its dismissal order, and (2) she presented sufficient evidence
to overcome a finding that her claims were groundless.  We note that Susan does
not contend that the trial court failed to consider lesser sanctions before
dismissing the case with prejudice.  See TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 917 (Tex. 1991) (reasoning that because sanctions
imposed for discovery should be no more severe than necessary, courts must
consider lesser sanctions and whether such lesser sanctions would fully promote
compliance).

Standard of Review

A trial court’s ruling on a motion
for sanctions is reviewed under an abuse of discretion standard.  Cire v.
Cummings, 134 S.W.3d 835, 838 (Tex. 2004).  The test for an abuse of
discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court’s action, but “whether the
court acted without reference to any guiding rules and principles.”  Id. at 839 (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241
(Tex. 1985)).  The trial court’s ruling “should be reversed only if it was
arbitrary or unreasonable.”  Id., 134 S.W.3d at 839.  In reviewing
sanction orders, we independently review the entire record to determine whether
the trial court abused its discretion.  Am. Flood Research, Inc. v. Jones,
192 S.W.3d 581, 583 (Tex. 2006).

Texas Rule of Civil Procedure 13

Rule 13 of the Texas Rules of Civil
Procedure provides for sanctions if a party files a groundless pleading brought
in bad faith or for harassment.  Tex. R.
Civ. P. 13.  If a pleading is filed in violation of Rule 13, “the court,
upon motion or upon its own initiative, after notice and hearing, shall impose
an appropriate sanction available under Rule 215.2(b), upon the person who
signed it, a represented party, or both.”  Id.  No sanction under Rule
13 may be imposed “except for good cause, the particulars of which must be
stated in the sanction order.”  Id.  “A trial
court’s failure to specify the good cause for sanctions in a sanction order may
be an abuse of discretion.”  Gaspard v. Beadle, 36 S.W.3d 229, 239 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Particularity Requirement

Susan first contends that
the trial court erred in failing to state with particularity what acts or
omissions justified the Rule 13 sanctions order.  Susan failed to preserve this
issue for our review.  She did not object to the form of the trial court’s
judgment, she failed to file a request for traditional findings of fact and
conclusions of law, and she failed to draw the court’s attention to the need
for particularized findings under Rule 13.  See Parker v. Walton, 233
S.W.3d 535, 541 n.7 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding
that appellant failed to preserve for appellate review its claim that trial
court’s judgment nunc pro tunc imposing sanctions for groundless or bad faith
claims did not comply with rule governing such sanctions, where appellant
failed to raise such objection to the trial court); see also Olibas
v. Gomez, 242 S.W.3d 527, 532 (Tex. App.—El Paso 2007, pet. denied) (noting
that complaint regarding a trial court’s compliance with Rule 13, regarding
sanctions for frivolous pleadings, may be waived if the error is not preserved
by objection or a request that the particular grounds for awarding sanctions be
set out by the court); Spiller v. Spiller, 21 S.W.3d 451, 456 (Tex. App.—San
Antonio 2000, no pet.) (concluding that trial court’s failure to include
required findings in order imposing sanctions against plaintiff was not basis
for reversal of order, where plaintiff did not call failure to trial court’s
attention); Schexnider v. Scott & White Mem’l Hosp., 953 S.W.2d 439,
441 (Tex. App.—Austin 1997, no pet.) (holding that sanctioned attorney did not
preserve for review contention that sanction order under Rule 13 was erroneous
due to trial court’s failure to state particulars upon which trial court’s
conclusions of law, where attorney failed to bring error to attention of trial court);
cf. Barkhausen v. Craycom, Inc., 178 S.W.3d 413, 421 n.6 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied) (noting that appellant alerted
trial court that sanctions order failed to meet particularity requirement).  We
therefore overrule Susan’s first issue.

Groundless

          Susan next contends that
the trial court erred in determining her suit was groundless because she
presented sufficient evidence to support her claim.  For the purposes of Rule
13, “groundless” means “no basis in law or fact and not warranted by good faith
argument for the extension, modification, or reversal of existing law.”  Tex. R. Civ. P. 13. “When determining
whether Rule 13 sanctions are proper, the trial court must examine the
circumstances existing at the time the litigant filed the pleading.”  State
v. PR Invs. & Specialty Retailers, Inc., 180 S.W.3d 654, 670 (Tex. App.—Houston [14th Dist.] 2005, pet. granted), aff’d, 251 S.W.3d 472 (Tex. 2008).  “Rule 13 requires the trial court to base sanctions on the acts or omissions
of the party or counsel.”  Id.  It also
requires the trial court to hold an evidentiary hearing to make the necessary
factual determinations about the motives and credibility of the person signing
the allegedly groundless petition.  Barkhausen, 178 S.W.3d at 421 (quoting
McCain v. NME Hosps., Inc., 856 S.W.2d 751, 757 (Tex. App.—Dallas
1993, no writ)).  “In evaluating an allegation
of a Rule 13 violation, ‘[c]ourts shall presume that pleadings, motions, and
other papers are filed in good faith.’”  Id. (quoting Tex. R. Civ. P. 13). 

Susan alleges that certain community
assets were not partitioned when she and Louis divorced.  Susan first claims
that Louis actually received either more Pace stock or more money from the sale
of the stock than was reflected in the AID and/or the MSA.  The record does not
support this contention.  The sale of Pace stock occurred in February 1998,
over a year before the parties divorced.  The MSA and AID divided the remaining
89,128 shares of stock as: 11,074 shares to Susan for transfer into a trust for
the children, 11,074 shares to Louis for transfer into a trust for the
children, and the remaining 66,980 to Louis.  The record does not contain any
evidence that Louis owned more Pace stock than was divided by the AID, and
Susan did not produce any evidence despite requests for production from Louis.

Susan further contends that she has a
community property interest in a ranch in New Ulm.  Louis made the initial
option payments on the New Ulm property on July 20, 1999, six days prior to the
final divorce decree.  The payment was for more than 75 unimproved acres of
land.  Louis attached evidence to his answer that showed that he made the
initial payments for the land from an account partitioned to him as his
separate property in the MSA.  Louis later purchased a 44-acre adjoining tract
in 2003, and then developed the property.  He sold the property in 2005 for
$1.2 million.  

Susan asserts that because Louis
purchased the property before the AID was final, she would have been liable for
the community debt and therefore, has a community interest in the property.  The
MSA, however, precludes such a result.  The MSA took effect on May 24, 1999 and
stated that it “shall be effective immediately . . . and shall serve as a
partition of all property set forth herein to the person to whom such property
is awarded.”  The Texas Family Code provides: “At any time, the spouses may
partition or exchange between themselves all or part of their community
property, then existing or to be acquired, as the spouses may desire.  Property
or a property interest transferred to a spouse by a partition or exchange
agreement becomes that spouse’s separate property.”  Tex. Fam. Code Ann. § 4.102 (Vernon 2006).  Since the parties
agreed to partition their community property, the bank account became Louis’s
separate property on May 24 pursuant to its MSA listing, before Louis’s initial
option payments.  In addition, the MSA states that Louis agrees to pay “[a]ll
debts incurred solely by Louis Anthony Messina not mentioned elsewhere herein,”
and holds Susan harmless from any failure to so discharge such debts and
obligations.  Because Louis signed the loan agreement alone, and the loan was
not mentioned in the MSA, Louis was solely responsible for the debt.  Louis
presented clear and convincing evidence that the New Ulm ranch was purchased as
his separate property, and Susan does not offer evidence to the contrary.  See
id. § 3.003.

In addition to failing to produce any
evidence in support of her claims, Susan also failed to conduct discovery
despite court leave to do so.  In October 2006, the court warned Susan that “if
intuition is it, sanctions will be granted because it’s taking up the court’s
time.” Despite this warning, the only discovery Susan had pursued by January
2007 was a subpoena of Louis’s bank records for the previous twenty years.  She
had still not deposed the witnesses that she stated were necessary to her case.

Susan had opportunities to set forth
the factual and legal basis for the lawsuit but failed to do so.  Susan’s failure
to avail herself of the discovery process, coupled with the lack of any
affirmative showing that her claims have merit, warrant the presumption that
her claims have no merit.  See Ins. Corp. of Ir., Ltd. v. Compagnie des
Bauxites de Guinee, 456 U.S. 694, 705–06, 102 S. Ct. 2099, 2105–06 (1982)
(discussing presumption that refusal to produce evidence material to
administration of due process was admission of lack of merit of asserted
defense).  We thus hold that the trial court did not abuse its discretion in
dismissing Susan’s suit with prejudice under Rule 13.

Attorney’s Fees

Susan further contends that the trial
court abused its discretion in awarding Louis attorney’s fees.  The trial
court, however, had statutory authority to award fees independent of Susan’s
sanctionable conduct.  The Texas Family Code provides: “In a proceeding to
divide property previously undivided in a decree of divorce or annulment as
provided by this subchapter, the court may award reasonable attorney’s fees as
costs.”  Tex. Fam. Code Ann. §
9.205 (Vernon 2006).  Given that Susan did not prevail on her claim, the trial
court properly exercised its discretion to award fees to Louis.  Louis’s
counsel testified to their fees and submitted billing invoices.  Furthermore,
Susan’s own attorney testified that he believed that Louis had a right to
attorney’s fees.  The trial court did not abuse its discretion in awarding
Louis attorney’s fees.

Motion for New Trial

          Susan asserts that the
trial court erred in denying her motion for new trial because it relied on “its
memory” of the case, rather than on the record.  Susan does not point to any
evidence in the record to support her contention.  Furthermore, “it is presumed
that the court is familiar with the entire record of the case up to and
including the motion to be considered.”  Downer, 701 S.W.2d at 241.  At
the hearing on Susan’s motion for new trial, the court stated its concerns for
judicial economy and its worry that this suit could continue indefinitely.  The
record reflects that the trial court considered the evidence and the motion
before ruling.  We hold that the trial court did not abuse its discretion in
denying Susan’s motion for a new trial.[1]

Conclusion

          We hold that the trial
court did not abuse its discretion in dismissing Susan’s suit with prejudice
and awarding attorney’s fees to Louis.  We further hold that the trial court
properly denied Susan’s motion for new trial.  We therefore affirm.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.









[1]
          Because we affirm the trial court’s
dismissal with prejudice, we do not reach Susan’s final contention that the
statute of limitations should be tolled during this appeal.